RICHARD MARTIN *vs.* DAVID A. ADAMS.

A writing, in which A. "agrees to sell" to B. chattels of A. then being, and described as being, in B.'s possession, for a sum payable on or before a certain day, and B. "agrees to purchase the above named articles as above stated, and pay for the same as fast as he can," and pay the sum before the specified day or return the chattels in good condition, free from any debts contracted by him, is an agreement for a present sale.

TORT against a deputy of the sheriff of Hampden for the conversion of a horse which he attached on September 26, 1868, as property of John Malone.

The case was submitted to the judgment of the court on agreed facts, which raised the sole issue whether the following agreement, dated June 10, 1868, and signed that day by the parties named therein, was an agreement for a present sale of the horse, which was then in Malone's possession.

" This agreement between Ira L. Benton and Richard Martin, of the first part, and John Malone, witnesseth, that said Benton and Martin, of the first part, agree to sell to said Malone the following described property : one white horse," and

other chattels specified, " all of the above named articles and property being in the possession of said Malone, for the sum of three hundred dollars, payable on or before the 15th of October next. And the said Malone, of the second part, agrees to purchase the above named articles as above stated, and pay for the same as fast as he can, and to pay the three hundred dollars before the 15th of October 1868, or return the same all in as good condition as the same are now in, free from any debts contracted by said Malone."

C. W. *Turner*, for the plaintiff.

C. E. *Allen*, for the defendant.

CHAPMAN, C. J. Although, in the written agreement, Benton and Martin " agree to sell" the property to Malone, and he " agrees to purchase " it, for a sum named, to be paid " on or before the 15th of October next," yet as the property was already in the possession of Malone, and nothing remained to be done by the vendors, and there is nothing to indicate that the title is not to pass till the happening of a future event, we think the fair interpretation is, that it is an agreement for a present sale.

The agreement of Malone to make the payment at the stipulated time, or return the property in good condition, free from debts contracted by him, is executory, and does not imply that he is to have no title in the mean time.

*Judgment for the defendant.*