## WATERS HEATER CO. *v.* MANSFIELD & STIMSON.

### *Contract.*

Defendants ordered a patent water-heater of plaintiff, to be shipped within thirty days, and agreed to attach it to their works within sixty days from date of order, according to printed directions to be furnished by plaintiff, with privilege of using it thirty days, and were then to pay for it if satisfactory, otherwise to return it. Plaintiff shipped such a heater as the order called for, within the time limited, and defendants received it, but never received the printed directions, and did not notify plaintiff of their non-receipt. Defendants never attached the heater to their works, nor returned it, and denied their liability to pay therefor, on the ground that they as-

certained after the expiration of the time limited for them to pay for or return it, that a similar heater had been ordered of plaintiff by another party, and tested and rejected; and, also, that plaintiff deceived them as to the expense of attaching it to their works. *Held*, that defendants were liable for the contract price of the heater.

ASSUMPSIT. Plea, the general issue, and trial by the court, March Term, 1874, WHEELER, J., presiding.

Plaintiff is a corporation that sells patent heaters for heating water for steam-engine boilers by exhaust steam. Defendants use a steam engine. Wilcox, president of plaintiff, applied to defendants to have them take one of these heaters and try it, to see if they would purchase it. To induce them to do so, he recommended it highly, said that it would save 25 per cent. of fuel, and could be readily attached to their boiler and tried at small expense. Induced by his recommendations and solicitations, they executed an order and agreement, dated November 1, 1871, whereby they ordered a heater to be shipped to them within thirty days, and agreed to attach the same to their works within sixty days from said date, according to printed directions, with the privilege of using the same thirty days after attached, and if it worked satisfactorily, to pay therefor or return. Plaintiff agreed in writing to furnish said heater on those terms. At the same time, Wilcox agreed by parol to send the printed directions mentioned in the written agreement, with the heater. On the 19th of said November, plaintiff shipped such a heater as ordered, to the defendants, with printed directions. They received it within the thirty days, but did not receive the directions. The Rutland Marble Company, which uses a steam engine, ordered one of these heaters of plaintiff for trial. Defendants knew of this, and waited to see how that heater worked, before putting in and trying the one sent to them. The one sent to the marble company was attached to the engine and tried, but did not appear to have been attached strictly according to the directions, and did not work well, and was rejected. After the expiration of the sixty days mentioned in the agreement, plaintiff drew on defendants for the agreed price, and notified them. They did not then know how the heater sent to the marble company worked, and wrote plaintiff that they had not found time to set up the heater, but hoped to try it

Waters Heater Co. *v.* Mansfield et al.

soon. They afterwards learned that the heater tried by the marble company did not work well. They examined the facilities for attaching the one sent to them to their works, and found that it would be considerably more difficult and expensive than Wilcox had represented, and determined not to try it, and did not attach it to their works at all. They wrote to the plaintiff that they should not attach it to their works, nor try it, and that they held it subject to plaintiff's order. They did not return it to the plaintiff, but have held it subject to plaintiff's order ever since they so wrote. They never notified plaintiff that they had not received the directions with the heater.

The court held that upon the facts stated, without reference to the actual value of the heater, the plaintiff was entitled to recover the agreed price, and rendered judgment accordingly for that price, with interest, to which defendants excepted.

*Dunton & Veazey*, for defendants.

*Joyce & Lawrence*, for plaintiff.

The opinion of the court was delivered by

ROYCE, J. The agreement of the parties was evidenced by the written order of the defendants and the agreement of the plaintiff of the date of November 1, 1871. The case finds that the plaintiff shipped the heater, and that it was received by the defendants within the time limited by the order, and that he sent with it the printed directions as agreed. This was all that the plaintiff was under obligation to do. The defendants agreed to attach the heater to their works within sixty days from the date of the order, and were to have the privilege of using it thirty days after it was attached, and if it worked satisfactorily, were to pay for it, and if not, to return it to the plaintiff. The defendants never attached the heater to their works or returned it, and now deny their liability to pay for it, upon the ground that they ascertained after the expiration of the time limited by the order for them to make their election to keep it and pay for it or to return it, that a similar heater which had been ordered by the Rutland Marble

Company had been tested by them, and had proved unsatisfactory and been rejected, and that they were deceived by the plaintiff as to the expense of attaching it to their works.

We think the County Court ruled correctly in holding that this was not available as a defence, and that upon the facts found, the defendants were liable for the price agreed by the order to be paid.

Judgment affirmed.