DANIEL McKINNEY & others *vs.* SAMUEL J. BRADLEE.

Suffolk. March 10. — 22, 1875. AMES & ENDICOTT, JJ., absent.

Where the owner of a chattel sells and delivers it to another, receives from him a sum of money in part payment therefor, and takes his promise in writing to pay the balance on a day specified or to return the chattel, the title passes unconditionally to the purchaser.

REPLEVIN of a mare. Trial in the Superior Court, before *Pitman*, J., who, after verdict, reported the case for the determination of this court in substance as follows:

Bernard McKinney, one of the plaintiffs, testified that he sold the mare in suit to John McDonald, and at the same time took the following memorandum signed by the latter: " Brighton, July 7, 1873. John McDonald bought of D. McKinney & Son, one roan mare for $300. Paid $50. The mare is to be paid for August 1 ; if not, to be returned to D. McKinney & Son." He also testified that the mare was delivered up on this condition, and upon no other terms. It appeared that the mare was not paid for or returned ; and when inquiry was made by the plaintiffs, it was found the mare was in the possession of the defendant, who claimed to have bought her of McDonald, and he refused to deliver her to the plaintiffs.

The only other evidence was that of Patrick Edwards, who testified that some two weeks after the sale by the plaintiffs to McDonald, the defendant came to his house late one night, and asked him if he knew whether it was a mortgage or a promissory note that McDonald gave to McKinney, and whether, if summoned to court, he could say it was a promissory note, to which the witness said he knew nothing about it.

The plaintiffs here rested and contended that the sale to McDonald was a conditional sale, and so passed no title till payment,

and that, even if this were not so, he had a right to go to the jury upon the question whether the alleged sale to Bradlee was *bonâ fide*. But the judge, being of opinion that, as a matter of law, the sale to McDonald was an absolute and not a conditional one, on motion of the defendant, directed a *pro forma* verdict for the defendant.

*S. J. Thomas*, for the plaintiff.

*J. Nickerson*, for the defendant.

GRAY, C. J. There was no evidence of any other condition in the sale from the plaintiff to McDonald than that stated in the memorandum signed by the latter, which was that he should either pay the balance of the price at a future day or return the mare. The title therefore vested in McDonald by the sale and delivery to him, and whether it had or had not passed from him to the defendant, the plaintiff had no title. *Dearborn* v. *Turner*, 16 Maine, 17. *Perkins* v. *Douglass*, 20 Maine, 317.

<div align="right">

*Judgment on the verdict.*