### Thomson-Houston Electric Co. *v.* Brush-Swan Electric Light & Power Co.

#### (*Circuit Court, D. Vermont.* July 19, 1887.)

1. FRAUDULENT REPRESENTATIONS—SALE.

On the trial of an action against an **electric** lighting company, to recover the price of certain material and machinery sold, to be used in producing electric light, defendant's evidence tended to show that the order for the goods was induced by a representation of plaintiff's agent that a gas company was about to order and install such a plant in the territory operated by defendant, if the defendant did not do so. *Held,* that, there being no evidence that the agent made any statement which he did not substantially believe to be true, or that the goods were not as ordered, there was no such fraud shown as would invalidate the sale.

2. SALE—ON TRIAL—NEGLECT TO TRY—EFFECT.

Plaintiff sold and delivered to defendant certain material and machinery for producing electric light, to be set up, installed, and operated by defendant, and to be paid for at specified prices, 30 days after satisfactory operation and receipt. Defendant did not set up, install, or operate the goods. *Held*, in an action for the price, that defendant's failure to make the trial could not defeat plaintiff's right to recover.

At Law.

*Wales & Wales* and *Wilder L. Burnap*, for plaintiff.
*Eleazer R. Hard*, for defendant.

WHEELER, J. The plaintiff's declaration consists of special counts for machinery and materials for producing electric light, sold and delivered to the defendant to be set up, installed, and operated by the defendant, and paid for, at specified prices, in 30 days after satisfactory operation; and received, but not set up, installed, operated, or paid for by the defendant; and of the common counts in *assumpsit* for goods sold and delivered. The parties filed a written waiver of a trial by jury, and the case has been tried upon the general issue by the court. The plaintiff's evidence shows that the defendant ordered the materials and machinery of the plaintiff to be forwarded to, and set up and installed and used by, the defendant for renting lights in Burlington, Winooski, and Chesterfield, and not elsewhere; but not in connection with any apparatus, or parts of apparatus, not acquired from the plaintiff, except that the same power might operate a dynamo of other companies, to be paid for, at the prices alleged, in 30 days after it should be set up and installed and operate satisfactorily; that the plaintiff forwarded the goods agreeably to the order, which were received by the defendant, but which the defendant refused to set up, install, operate, or pay for. The defendant insists in argument that the plaintiff is not entitled to recover, because the proof does not support the declaration. All the counts in the declaration, both common and special, set up an unqualified and absolute sale of the goods. The proof does not show such a sale, but only a limited sale, qualified by the right to use, in a particular manner, within prescribed territory only. The sale is not, therefore, such a sale as is declared upon.

If the evidence had been objected to upon this ground, it might have been inadmissible. But as it was offered and admitted without objection, and tends to show such a transaction as would pass the property in the goods themselves, although in a qualified manner as to use and location, it can not be said that the plaintiff has not shown a sale and delivery of the goods to some extent as alleged. If the defendant gave a valid order for the goods, to be paid for after a particular trial and test to be made by the defendant, and the goods were forwarded and delivered upon that order, and the defendant refused to make the trial or test, the refusal could not be taken advantage of to defeat payment of the price. *Waters Heater Co.* v. *Mansfield*, 48 Vt. 378. The defendant could make the trial or not, as it chose, but if it would order the goods for trial, and not make the trial, it would become liable as if they had been ordered without providing for the trial. The proof, therefore, showed a sale and delivery

of the goods, which, if fairly made, would entitle the plaintiff to the price. This would support either the special or the common counts.

The defendant's evidence tends to show that the order for the goods was induced by a representation of the plaintiff's agent that a gas company was about to order such a plant, and install it in that territory, if the defendant did not. It is not found upon the evidence, that the agent made any statement in that behalf which he did not believe to be substantially true. There is no claim but that the goods were of the description and quality ordered. There is not, therefore, any such fraud shown as would invalidate the sale. The plaintiff appears to be entitled to judgment for the amount of the goods, at the specified price, with interest after 30 days from a reasonable time to make the test. This is found to be August 1, 1886. The amount of price is $3,925.75. The interest from that date to July 19, 1887, the day of entering the judgment, is $227.59. The whole is $4,153.34.

Judgment for plaintiff for **$4,153.34.**