SPRINGFIELD ENGINE STOP COMPANY *vs.* JOHN C.
SHARP, JR. & others.

Hampden.     September 23, 1903. — October 21, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Sale.*

In an action for the price of an engine stop, it appeared, that the stop had been placed by the plaintiff on an engine of the defendant for a certain period of trial, to be removed by the plaintiff if the defendant did not like it, otherwise to be purchased at a price named. The period expired on a Friday. On Saturday the defendant used the stop, and on Monday the stop was used but on the same day the defendant notified the plaintiff to remove it. *Held*, that, although the use of the stop on Monday was deprived of all force as evidence of an election to take the stop by the notice to remove it, yet the use of the stop on Saturday unexplained was evidence to go to the jury on the question whether the defendant on that day elected to take the stop and changed his mind on Monday.

CONTRACT for $200, the price of an engine stop installed in the factory of the defendants at Taunton.   Writ dated August 24, 1901.

In the Superior Court the case was tried before *Mason,* C. J., who at the close of the evidence ordered a verdict for the defendants.   The plaintiff alleged exceptions.

*J. L. Doherty & W. G. Brownson,* for the plaintiff.

*C. C. Spellman & C. F. Spellman,* for the defendants.

LORING, J.   This was an action for the price of an engine stop.   A verdict for the defendants was ordered by the judge, and the case is here on an exception to that ruling.

It appeared that the plaintiff placed an engine stop on an engine of the defendants, for a thirty days' trial, in competition with another engine stop.   The price was to be $200, and the stop was to be taken off by the plaintiff if the defendants did not like the stop.   The contract was by word of mouth, and nothing was said as to what should be done at the end of the thirty days if the defendants decided not to take the stop.   The stop was installed and turned on for use on the afternoon of May 2.   On June 1, the defendants wrote asking for another thirty days' trial, and on June 8 the plaintiff wrote that it would extend the time of trial for thirty days as requested.

On the morning of Monday, July 3, the defendants wrote to the plaintiff that after sixty days' trial they had determined to accept the other stop, and that the plaintiff's machine could be taken out at its convenience.   The defendants' witness testified that "the plaintiff's stop was never used after the third day of July," and there was no other evidence on this point.

Even if fractions of a day are ordinarily to be considered in computing the thirty days in such a case as this, there was evidence warranting a finding that the extension continued until, but not including, July 1.   The question whether the extension expired on June 30 or July 1 was a question of fact for the jury.

The plaintiff's first contention is that failure to give notice until July 3 and the use of the stop on Saturday, July 1, and Monday, July 3, is conclusive of the defendants' liability; and in support of that contention it relies on *Prairie Farmer Co.* v. *Taylor,* 69 Ill. 440.   That also was a case where a thirty days'

trial was to be made of a machine; but in that case the machine was used for nearly a year without notice of an election, and what is said there must be taken to have had reference to the facts then before the court. The true rule is laid down in the other cases cited by the plaintiff, and it is this: The party to the contract who is to make the trial has the full period agreed upon for the trial, and in the absence of any stipulation on the point he has a reasonable time after the expiration of it to signify his election. See *Elphick* v. *Barnes*, 5 C. P. D. 321; *Spickler* v. *Marsh*, 36 Md. 222; *Kahn* v. *Klabunde*, 50 Wis. 235; *Waters Heater Co.* v. *Mansfield*, 48 Vt. 378.

The plaintiff's next contention is that it had a right to go to the jury on the use made on Saturday and on Monday as evidence of the defendants' election to take the stop. The retention of the stop after Friday, June 30, apart from the use of it, had no significance. This was not the case of a sale or return; by the terms of the agreement the plaintiff was to disconnect the stop from the engine and take it away if the defendants were not satisfied with it. But the use of the stop after the expiration of the period of trial agreed upon, unexplained, would be evidence of an election, as is the failure to return a machine taken under a sale or return agreement. See *Kahn* v. *Klabunde*, 50 Wis. 235; *Spickler* v. *Marsh*, 36 Md. 222; *Waters Heater Co.* v. *Mansfield*, 48 Vt. 378. The English cases are collected in Benjamin, Sales, 593 *et seq.* In the case at bar the use of the stop on Monday could not be taken to be evidence of an election, for on Monday morning the defendants wrote to the plaintiff that they elected to take the other stop, and the letter was posted between two and three o'clock on that day. This letter deprives the use made of the machine on Monday of all force as evidence of an election, as was said in *Hunt* v. *Wyman*, 100 Mass. 198, 200, in a similar case. See also *Elphick* v. *Barnes*, 5 C. P. D. 321.

There is nothing on the record showing why the defendants used the stop on Saturday. If, for example, the use on Saturday came from inadvertence or because the defendants thought that the extension did not expire until the end of that day, the use on that day would be deprived of all force as evidence of an election, as we have held to be the case of the use on Monday.

And there may have been other explanations of that use which would result in the same conclusion.

But no explanation was given at the trial as to the use made of the machine on Saturday, and on this state of the evidence the plaintiff had a right to go to the jury on the question whether the use of the stop on Saturday showed an election to take the stop and that the defendants afterward changed their minds and wrote the letter declining it on Monday.

*Exceptions sustained.*