HENRY C. ISAACS *vs.* HENRIETTA F. MACDONALD.

Suffolk.    March 26, 1913. — May 22, 1913.

Present: RUGG, C. J., MORTON, LORING, SHELDON, & DE COURCY, JJ.

*Contract,* Construction, Performance and breach, Implied in fact. *Sale. Sales Act. Waiver. Pleading, Civil,* Declaration.

Where a dealer ships a machine to a prospective purchaser and agrees to furnish an instructor as to its care and operation as soon as the prospective purchaser is ready to start it and to let the prospective purchaser use it for thirty days on condition that, if he then finds it unsatisfactory, he shall return it, and, if

he finds it satisfactory, he shall pay for it either at an agreed price in cash less a certain discount or in part in cash and in part by notes, the dealer to have title until full payment of the notes, an agreement is made which is neither for a present sale nor for an absolute sale in the future, and the provisions of the sales act as to the transfer of property between the seller and the buyer, St. 1908, c. 237, §§ 17 *et seq.*, do not apply.

In an action for a breach of a contract regarding the sale of a machine, it appeared that the plaintiff in May of a certain year had shipped the machine to the defendant under an agreement providing that, as soon as the defendant was ready to start the machine, the plaintiff would furnish an instructor as to its care and operation, that the defendant should have a thirty days' trial of the machine and that, if then it was unsatisfactory to him, he should return it and, if it was satisfactory, he should pay for it. The defendant had written to the plaintiff that he wished to use the machine on or about June 1. The plaintiff wrote letters of inquiry to the defendant in June and July to which no replies were made, and on July 14 he asked for a settlement, to which the defendant replied by a letter stating that he had just had the machine set up, not asking for an instructor, and making a proposal for a machine of a different size. The plaintiff rejected the proposal and insisted on a settlement and on August 3 the defendant wrote to the plaintiff that he could not use the machine and that he had had it packed and was ready for the plaintiff's instructions as to shipment. *Held*, that it was a question for the jury whether the defendant had waived the requirement as to an instructor. *Held, also*, that it was the duty of the defendant to set up and start the machine within a reasonable time, and that it was a question for the jury whether he had done so.

In an action upon an account annexed for the price of a machine it appeared that the plaintiff had shipped the machine to the defendant for a trial under an agreement that, if the defendant found it unsatisfactory after a thirty days' trial, he should return it, and if he found it satisfactory, he should either pay a certain amount in cash or a somewhat larger sum in part in cash and in part in notes, the title to remain in the plaintiff until the machine was fully paid for, and that the defendant had kept the machine an unreasonably long time without trying it and then, stating that it was unsatisfactory, had offered to return it. *Held*, that the action could not be maintained in its present form, because no title to the machine had passed to the defendant.

CONTRACT with a declaration upon an account annexed having two items, the first for the price of "1 26 in. Atherton Gluing Machine," and the second for interest from April 23, 1910, to the return day of the writ. Writ in the Municipal Court of the City of Boston dated September 1, 1910.

On appeal to the Superior Court the case was tried before *Crosby*, J.

The plaintiff's evidence consisted wholly of correspondence, the substance of which is stated in the opinion.

The defendant offered to prove that the machine in question reached her place of business early in May, 1910, and that, owing

to the absence of the manager of the business from the country and the fact that she had no use for it, she did not have the crate of machinery opened nor attempt to use it until about July 15, 1910, when she set up the machine and attempted to use it, but found that it was not adaptable to her business and was not satisfactory, and that she did not wish to try it further nor could it be used in her business.

The defendant also offered to show that the plaintiff never sent a man to start the machine or to instruct her in its operation and care, and that, other than as above stated, she never made use of the machine, that she notified the plaintiff in letters of July 15, August 3 and August 9, 1910, of such fact and that she had boxed up the machine and held it subject to the order of the plaintiff, who refused to accept its return.

The judge excluded the evidence so offered and ordered a verdict for the plaintiff for the amount claimed. The defendant alleged exceptions.

*C. F. Eldredge,* for the defendant.

*J. B. Jacobs,* for the plaintiff.

SHELDON, J. The defendant's letter of February 15, 1910, was an acceptance of the plaintiff's original offer to her. There is nothing inconsistent with this view in *Metropolitan Coal Co. v. Boutell Transportation & Towing Co.* 185 Mass. 391, and 196 Mass. 72. And though the contract thus concluded was cancelled by the subsequent letters of the parties, yet it seems clear that their later agreement, except for the description of the machine and the price to be paid, was in all respects upon the same terms as those which previously had been settled. The final agreement then was that the plaintiff should ship to the defendant a sixteen-inch Atherton gluing machine and send to her, as soon as she was ready to start it, a man to start it and instruct her in its operation and care; should let her use it for thirty days; and if it was satisfactory she was to settle for it, and if not, to return it to the plaintiff. If she took it, she was to have the option of paying the agreed price, $350, in cash less a small discount, or of paying $125 or $150 in cash and the rest in monthly notes of $50 each with interest, the plaintiff holding title to the machine until paid for in full.

This was neither an agreement for a present sale nor a definite

agreement for an absolute sale in future. After the plaintiff had done what he was to do, the defendant had the privilege of a thirty days' trial of the machine, with the option, if it was satisfactory to her, of either making a present purchase of it for cash or of entering into a conditional contract for its purchase, paying for it partly in cash and partly in future instalments and not taking the title until she should have paid the price in full. The provisions of the sales act, St. 1908, c. 237, §§ 17 *et seq.*, relating to the transfer of property as between the seller and the buyer, do not apply to such an agreement, and the rights of the parties must be determined by the stipulations which they chose to make.

The thirty days which were allowed for the defendant's trial of the machine could not begin to run until the man whom the plaintiff was to send had started it and instructed her in its use. The language of the plaintiff's original offer shows this, both by the order of statement used therein and by the fact that she was to have thirty days to "use it," and she could not use it until it had been started and she had received what instruction was necessary. But this never was done. If nothing further appeared, no action could be maintained, for the time allowed for trial would not have begun and of course could not have been ended, and the defendant would have come under no liability. But there was evidence that she had waived the stipulation, as of course she could. The plaintiff in his letter of April 26, enclosing the bill of lading and a bill of parcels for the machine, with a statement of the agreed terms in the alternative, gave to her what could be found to be adequate directions for unpacking, setting up and operating it. She received this without objection and did not ask that a man be sent as had been agreed. The plaintiff wrote to her again on June 16, and on July 6, asking for information and for a settlement, and she made no answer. On July 14 he wrote to her asking for a settlement by return mail. This letter she answered on July 15, making no complaint that a man had not been sent, but saying that she had just had the machine set up, and making a tentative proposal that it should be exchanged for a smaller one. And on August 3, after the plaintiff had rejected the proposal and insisted upon an immediate settlement, she wrote that she could not use the machine and had it packed, ready for instructions from him as to where to ship it. Plainly upon this evidence it could be

found that she had waived performance of the requirement which has been stated.

If so, it was her duty to set up and start the machine within a reasonable time after she received it, and the thirty days allowed for trial would begin to run as soon as that reasonable time had expired. She received it early in May. She had told the plaintiff that she wished to use it before June 1. She offered to show that she had in fact no occasion to set it up or use it before July 15. This was a mercantile contract, and it could not have been intended that she should postpone starting and trying the machine indefinitely until she saw fit to do so, whatever may have been the needs of her business. Under the circumstances, and if she had waived performance of the stipulation as to sending a man, as has been stated, it was for the jury to say when a reasonable time after her receipt of the machine expired and when she was bound to begin her trial of it. *Keeler* v. *Jacobs*, 87 Wis. 545. This is the provision of the sales act under similar circumstances. St. 1908, c. 237, § 19, Rule 3, (2) (b). Certainly a jury could find that this reasonable time ended and the trial period began on or before June 1, or soon thereafter, and if so, the thirty days had elapsed by July 1 or soon thereafter. If that should be found, her attempt to exercise her option of acceptance or refusal on August 3 was merely void.

In that case, independently of the sales act, the jury could have found that by her failure to return the machine at the expiration of the trial period, or within a reasonable time thereafter, she had elected not to return it. See *Ray* v. *Thompson*, 12 Cush. 281; *Aiken* v. *Hyde*, 99 Mass. 183; *Hunt* v. *Wyman*, 100 Mass. 198, 199; *Martin* v. *Adams*, 104 Mass. 262; *McKinney* v. *Bradlee*, 117 Mass. 321; *Springfield Engine Stop Co.* v. *Sharp*, 184 Mass. 266.

But the present action is merely upon an account annexed for the price of the machine. This claim cannot be maintained. Taking the most favorable view for the plaintiff and supposing the questions which we have stated to be answered in his favor, yet the defendant's liability is only for the breach of her agreement to make at the end of the trial period, an election whether to buy the machine *in praesenti* for $350 or to agree to buy it and pay part of the price in cash and the rest in future instalments not taking title until she should have made full payment. If she had made

the election first stated, the present action could be maintained. But she has not done so. If she had chosen the second course, an action now could be maintained for the cash payment and for the monthly instalments which have accrued. But neither has she done. this. The plaintiff, however, if the issues which we have stated are decided in his favor, has the right to maintain an action for the defendant's breach of her agreement to choose between these two courses and to carry out the choice thus made. Whether he will desire and will be allowed to amend his declaration accordingly, we of course do not know. The verdict for the plaintiff ought not to have been ordered.

The evidence that the plaintiff did not send a man to start the machine and to instruct the defendant in its use should have been admitted. The evidence that it was not adapted to her business and was unsatisfactory should have been admitted, though the jury should be instructed not to consider this evidence if she did not notify the plaintiff of her dissatisfaction and offer to return the machine at the end of the trial period or within a reasonable time thereafter. The other evidence offered by the defendant was rightly excluded.

*Exceptions sustained.*