NICHOLAS W. MATHEY *vs.* COLELLA AND LEIGHTON SHOE COMPANY.

Essex.    May 16, 1934. — June 25, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Sale,* Transfer of title.

On all the evidence at the hearing of an action for the purchase prices of two machines alleged to have been sold by the plaintiff to the defendant, including evidence that the machines were delivered to the defendant at different times for trial by him for a certain period; that, under the parties' agreement as later modified, the machines were to be paid for in full if satisfactory, otherwise they were to be returned to the plaintiff; that immediately after the expiration of the trial period on the machine later delivered, the defendant notified the plaintiff to remove both machines; that the plaintiff refused to receive the machines; and that the plaintiff, in bills for the purchase prices of the machines sent to the defendant, described them as having been delivered "on memorandum to be the property of" the plaintiff "until paid for," findings were warranted that the plaintiff, until after the defendant's notice to remove the machines, had done nothing indicating that he intended to pass title to the defendant, and that his whole course of conduct showed that he did not intend title to pass until the machines were paid for.

On the findings above described, it was proper to rule that G. L. (Ter. Ed.) c. 106, § 21, Rule 3 (2) (b), did not apply.

It further was proper, in the action above described, to rule that the defendant was not liable to the plaintiff for the purchase prices of the machines.

CONTRACT. Writ dated October 21, 1930.

The action was heard in the Superior Court by *Gray,* J., without a jury. Material evidence and findings and rulings by the judge are stated in the opinion. The judge found for the defendant and reported the action for determination by this court.

*H. A. Bowen,* for the plaintiff.

*J. J. Leonard,* for the defendant.

CROSBY, J. This is an action of contract. The declaration contains three counts: the first for goods sold and delivered; the second for labor performed and materials furnished; and the third on an account annexed. In the first count the plaintiff seeks to recover for two sewing machines alleged to have been sold by the plaintiff to the defendant.

All the claims upon which the plaintiff seeks to recover are set forth in the findings and rulings of the judge, who heard the case without a jury, as follows: The first of the two machines was installed by the plaintiff in the defendant's factory on July 8, 1930, on an oral agreement made by the defendant with the plaintiff's salesman that the defendant would use it in its business for a trial period of thirty days and then if it were satisfactory, the defendant would sign leases, if not satisfactory the plaintiff would remove it. The price of the machine was also agreed upon. On July 25, 1930, the second machine was installed on the same terms, with one exception. Prior to its installation, in a telephone talk between the plaintiff and the defendant's representative the plaintiff inquired about the time of payment, and the defendant's representative replied that the defendant would pay for both machines in thirty, sixty or ninety days. The transaction was otherwise conducted in behalf of the plaintiff by the same salesman who conducted the first transaction. The judge states: "I find that the only change in the arrangement made by this telephone talk with the plaintiff was to substitute for the agreement to sign leases in the event the machines were satisfactory at the end of the trial period an agreement to pay in full in thirty, sixty or ninety days at the election of the defendant." Bills for

both machines at $700 each were sent by the plaintiff and received by the defendant on August 14, 1930. The bills described the goods as delivered on memorandum to be the property of the plaintiff until paid for and also contained the following: "Terms: Net cash." On receipt of the bills the defendant protested that the price was $600 instead of $700 but made no complaint that the machines were unsatisfactory. Thereafter, in a telephone conversation between the plaintiff and the defendant's representative, the plaintiff agreed to make the price $600. The judge states: "Nothing, however, was said by the parties that I can find operated as a transfer of title to the defendant, nor was anything said to the effect that the machines were unsatisfactory. Further there was nothing said modifying the previous understanding herein found with respect to payment in thirty, sixty or ninety days and nothing was said as to which period of time the defendant elected for payment. On August 27, 1930, the defendant wrote the plaintiff requesting him to remove the machines at once and early in September the plaintiff sent the defendant bills for both machines at the price of $600. The bills again contained the language 'Terms: Net cash' and the statement that the 'Machines are delivered on memorandum to be the property of' the plaintiff 'until paid for.'" Shortly before October 17, 1930, the machines were sent to the plaintiff by express, and when the plaintiff refused to receive them, the defendant caused them to be placed in a storage warehouse and notified the plaintiff to that effect. At the time the defendant's letter dated August 27, 1930, was sent to the plaintiff the machines were dismantled and were not thereafter used by the defendant.

The judge ruled that "In order to recover the purchase price for which this action is brought the plaintiff must show that title passed to the defendant"; and that the title did not pass when the machines were installed, nor did it pass as the result of the talk by telephone between the parties before the installation of the second machine because the trial period on neither machine had then expired. He further found and ruled that the sales act (G. L. [Ter. Ed.]

c. 106, § 21, Rule 3 [2] [b]) did not apply so as to pass title "where, as here, a different intention appears," and that "Until after the defendant repudiated the transaction on August 27, 1930, the plaintiff had done nothing indicating that he intended to pass title to the defendant and his whole course of conduct including the bills which he sent as late as September, shows that he did not intend title to pass until the goods were paid for." The judge further found and ruled that "While therefore the weight of the evidence indicates that the machines were satisfactory to the defendant and it should have carried out its agreement to buy, it is clear that the refusal to buy constitutes only the breach of an executory contract to purchase which does not render it liable to the plaintiff for the purchase price, the only thing sued for here."

We are of opinion that the reported evidence warranted the finding and ruling that no title to the machines passed to the defendant under a contract of conditional sale, and that the sales act did not operate to pass title to the defendant. It follows that the exception to the finding that the plaintiff did not intend title to pass until the goods were paid for cannot be sustained. The entry must be

*Exceptions overruled.*