R. A. JONES & COMPANY, INCORPORATED, *vs.* GREEN BROS. COMPANY.

Hampden.    November 5, 1934. — January 2, 1935.    G

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Contract*, Construction, Performance and breach.   *Sale.*

A contract in writing between a manufacturer of a machine and a purchaser provided: "Installation Service Man furnished by us [the manufacturer] without charge until machine is working satisfactorily. . . . The machine will be sent on 30 days' trial, entirely subject to your approval before acceptance. If machine is not satisfactory to you in any way and is not accepted, we will, upon receipt of notice, to that effect, receive said machinery without any charge to you. If the machine is not accepted you are to return it to us and at that time your every obligation to us will cease. If accepted, the price becomes due at the expiration of the 30-day trial period." At the trial of an action for the purchase price, it appeared that the machine was received by the defendant on an April 4 and that after July 1 it was capable of performing in productive operation all that was required of it under the contract. There was evidence that at that time the machine was working satisfactorily, that the plaintiff's service man then departed and that the defendant requested no further service. It further appeared that on August 25, after the plaintiff had sent a bill for the purchase price, the defendant declared the machine unsatisfactory and offered to return it; and that the defendant was not producing goods in July. There was a verdict for the plaintiff. The defendant alleged an exception to a refusal to order a verdict for him. *Held*, that

(1) Findings were warranted that the end of the trial period was August 1, that twenty-five days thereafter was more than a reasonable time in which to elect to return the machine, and that the defendant's failure to make such an election sooner was an acceptance of the machine;

(2) The refusal to order a verdict for the defendant was proper.

CONTRACT. Writ dated September 26, 1931.

In the Superior Court, the action was tried before *Goldberg,* J. Material evidence and a special finding by the jury are described in the opinion. The judge denied a motion by the defendant that a verdict be ordered in its favor. There was a verdict for the plaintiff in the sum of $5,825. The defendant alleged an exception.

The case was submitted on briefs.

*R. J. Talbot & L. D. Friedman,* for the defendant.

*H. P. Small,* for the plaintiff.

LUMMUS, J. On January 27, 1931, a written contract was made for the sale by the plaintiff to the defendant of a machine for the automatic packing in cartons of "Tastyeast bars" made by the defendant. The contract contained the 'following provisions: "Installation Service Man furnished by us [the plaintiff] without charge until machine is working satisfactorily. . . . The machine will be sent on 30 days' trial, entirely subject to your approval before acceptance. If machine is not satisfactory to you in any way and is not accepted, we will, upon receipt of notice, to that effect, receive said machinery without any charge to you. If the machine is not accepted you are to return it to us and at that time your every obligation to us will cease. If accepted, the price becomes due at the expiration of the 30-day trial period."

The machine arrived at the defendant's factory on April 4, 1931. The jury found that "the machine, after July 1, 1931, [was] capable of performing in productive operation all that was required of it under the contract." There was evidence that at that time the machine was working satisfactorily, that the "Installation Service Man" then departed, and that the defendant requested no further service. The defendant made no complaint until after receipt of a bill

for the price, when, on August 25, 1931, it declared the machine unsatisfactory and offered to return it. The jury returned a verdict for the plaintiff for the full price.

The only exception is to the refusal to direct a verdict for the defendant. The jury could find that the period of "30 days' trial," provided for in the contract, began on or immediately after July 1, 1931. The fact that the defendant was not producing goods in July, 1931, did not entitle it to postpone the trial period. *Isaacs* v. *Macdonald*, 214 Mass. 487, 491. The jury could find that twenty-five days after the end of the trial period was more than a reasonable time in which to elect to return the machine, and that the failure to act sooner was an acceptance. G. L. c. 106, § 21, Rule 3 (2) (b). *Isaacs* v. *Macdonald*, 214 Mass. 487, 491. *Kelley* v. *Thomas G. Plant Corp.* 274 Mass. 102. See also *Palumbo* v. *Olympia Theatres, Inc.* 276 Mass. 84, 88; *Mathey* v. *Colella & Leighton Shoe Co.* 287 Mass. 118.

*Exceptions overruled.*