## STEPHEN C. NORTHRUP *vs.* GEORGE E. C. BUFFINGTON & another.

Suffolk.   May 19, 1898. — June 23, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Wagering Contract — Action.*

Money paid by A. to B. in transactions which are found to be wagers upon the future market price of certain stocks, none of which were, or were intended to be, bought, sold, or delivered, and money received by B. as the proceeds of the transactions when closed out by A.'s orders cannot be recovered in an action by A. against B.; and the fact that B. was doing a commission business for C., who was a stockbroker, is immaterial.

CONTRACT. The original declaration contained two counts, each for money had and received; and was amended by the addition of thirteen counts for the recovery of amounts paid on alleged purchases of stock, and of the profits resulting from the transactions.

The case was referred to an auditor, who reported as follows:

" At the hearing, the plaintiff abandoned the first two counts, and proceeded to trial upon the remaining counts only.

" The defendants, at the dates named in the declaration, were copartners, as alleged therein, in business at No. 4 State Street, Boston, as stockbrokers, doing a commission business for Doran, Wright, and Company, also stockbrokers in New York and Boston.

" This commission business consisted in taking orders in Boston for the purchase or sale of stocks on a margin, transmitting the orders and the margins, less a small commission upon each share so received to other brokerage houses, giving the customer a ticket; a copy of one of these is hereto annexed, stating the stock bought or sold, the price, and the amount of margin paid. If the market price of the stock rose or receded the customer would give the defendants orders to ' close out ' the transaction, which meant paying the customer the difference in case of a rise in the market price, and receiving from the customer the difference in case the market price receded.

" I find that the several transactions set forth in the plaintiff's amendment to his declaration took place as therein alleged, except that the sums alleged to have been paid the defendants by the plaintiff on account of the stocks purchased were paid as a margin to protect the defendants in such purchases, and not on account of an actual purchase of stock. I find that, in each of said transactions, there was no intention on the part of either party to actually purchase, sell, or deliver any of the stocks, and none were actually sold, purchased, or delivered ; that each was a wagering contract, a wager upon the future market price of the particular stock alleged to have been purchased, and neither party expected to account for anything except the difference in such market prices, and that all the contracts or transactions declared on were therefore against public policy, illegal, and void.

" I therefore find and report for the defendants upon each and every count and cause of action set forth in the plaintiff's declaration."

The material portion of the ticket referred to in the auditor's report was as follows :

" The G. E. C. Buffington Co., brokers, 4 State Street, Room 1. Stocks, bonds, grain, provisions, and oil bought, sold, and carried on margin, *without interest.*

" Mr. S. C. Northrup.                    Boston, 4/21, 1890.

" In obedience to your order, we have this day bought for your account and risk, upon margin, subject to the usages of this office governing margin transactions.

| Shares. | Description. | Price. | Deposited. |
|---------|-------------|--------|-----------|
| 10 | Sug. | 71 | 10 |
| | 4/25 | | 10 |
| | Closed 75 | $60 due. | |

" It is hereby mutually agreed by and between the persons receiving this ticket and the issuers that the contract named therein shall be closed when the price reaches 69 unless remargined before said price is reached.

"We do not solicit and will not receive any business except with the understanding that actual delivery of property bought or sold on orders is in all cases contemplated and understood."

At the trial in the Superior Court, before *Sheldon,* J., the

plaintiff put in evidence the auditor's report, and also a memorandum, which is referred to as the " ticket " in the report. The defendants offered no evidence. The plaintiff then requested the judge to rule as follows :

" 1. If the jury find that the transactions stated in the plaintiff's counts, 3 to 15 inclusive, occurred as stated in the auditor's report, then the jury must find for the plaintiff for the sum claimed in said counts.   2. The facts stated in the auditor's report show no wager between the plaintiff and the defendants.   3. If the jury find the facts to be as stated in the auditor's report, then the defendants were not affected financially by the changes in prices of the stocks dealt in by the plaintiff.   4. If the jury find that the defendants were not affected financially by the change in prices of stocks dealt in, and that the plaintiff made no wager with the defendants, then the defendants can take no advantage in this case of the illegality of any contracts made by the plaintiff and third parties, and use the same as a defence in this suit."   But the judge declined so to rule.

The jury returned a verdict for the defendants ; and the plaintiff alleged exceptions.

*J. L. McLean,* for the plaintiff.

*F. Burke,* for the defendants.

MORTON, J.   The only evidence before the court and jury was the auditor's report, and the ticket referred to in it.   The auditor found that each transaction set out in the amended declaration, which was what the plaintiff relied on, was a wager upon the future market price of the particular stock alleged to have been purchased, that neither party expected to account for anything except the difference in the market prices, and that no stock was purchased, sold, or delivered, or was intended to be. The plaintiff contends, in substance, that since it appears from the report that the defendants were doing a commission business for Doran, Wright, and Company, who were stockbrokers in New York and Boston, the wager if any must be deemed, as matter of law, to have been between him and Doran, Wright, and Company, and that the defendants are liable to him for the sums paid to them as margins and received by them from the sales of the stocks, the sales having resulted in every case in a

profit. But the auditor has found that the sums described as margins were paid by the plaintiff to the defendants to protect them in the transactions referred to, and were not paid on account of actual purchases of stock or intended by either party to be so applied. In other words, they were in effect the stakes put up by the plaintiff in the various transactions into which he entered with the defendants, and which the auditor has found were wagers upon the future market prices of the stocks to which they related. It is clear that the law will not assist the plaintiff to recover back money paid under such circumstances. *Harvey* v. *Merrill*, 150 Mass. 1, 11. It does not appear that, when the transactions were "closed out" by the plaintiff's orders from time to time, the defendants received the proceeds of them. The plaintiff abandoned the count for money had and received. But assuming that the defendants did receive them, the law will not aid the plaintiff to recover the proceeds, any more than it will the money which he paid to the defendants on account of the transactions. It is possible that in England under a somewhat similar statute a different view would be taken. *Bridges* v. *Savage*, 15 Q. B. D. 363. But see *Cohen* v. *Kettell*, 22 Q. B. D. 680. The auditor has found in effect that all parties were cognizant of the character of the transactions. The fact that the defendants were doing a commission business for Doran, Wright, and Company was immaterial, if the jury found, as they properly could find, that the contracts were wagering contracts, and were so understood and intended by all parties. The instructions which the plaintiff requested were rightly refused. The transactions in question all occurred before the passage of St. 1890, c. 437, and that statute is not, therefore, applicable.

*Exceptions overruled.*