Edward J. Lyons vs. Richard H. Coe & another.

Suffolk. November 13, 1900. — January 3, 1901.

Present: Holmes, C. J., Knowlton, Barker, Hammond, & Loring, JJ.

St. 1890, c. 437, § 2, provides that "Whoever contracts to buy or sell upon credit or upon margin any securities or commodities, having at the time of contract no intention to perform the same by the actual receipt or delivery of the securities or commodities, and payment of the price, or whoever employs another so to buy and sell on his behalf, may sue for and recover in an action of contract from the other party to the contract, or from the person so employed, any payment made or the value of anything delivered: *provided*, such other party or other person so employed had reasonable cause to believe that no intention to actually perform existed." *Held*, that the portion of the above section, giving a remedy to one who employs another to buy or sell in his behalf, gives no remedy to the person employed, and that in an action to recover money paid to a broker as margins, representing the plaintiff's losses on wagering contracts, the defendant cannot recover in set-off the sums of money paid by him to the plaintiff, representing the plaintiff's profits in similar transactions.

Contract, to recover, under St. 1890, c. 437, § 2, money paid on a wagering contract. Writ dated January 14, 1898.

The case was heard in the Superior Court upon agreed facts by *Richardson*, J., who ordered judgment for the defendants on their set-off, for $721.50 with interest from the date of the writ. The plaintiff appealed to this court.

The agreed facts were as follows:

"Defendants were stockbrokers. Plaintiff paid to defendants the items of cash mentioned in 17th count, amounting to $1,950, as margins upon contracts for the purchase of stocks, neither party having any intention to perform such contracts by the actual receipts or delivery of the shares and payment of the price, and each had reasonable cause to believe that the other had no intention to actually perform such contracts.

"In the course of the dealings between the parties, the defendants paid the plaintiff the items of cash set out in the declaration in set-off amounting to $2,671.50, the items being severally paid in the execution by the defendants of the contracts entered into with the plaintiff, and as the sums due the plaintiff upon the closing of the contracts. These sums were

ascertained by taking the difference between the price at which the contract was entered into and the price at which it was ordered closed by the plaintiff, and included the margin deposited by the plaintiff and his profit. All the transactions were fictitious, and no actual purchases or sales were ever made.

"If the set-off is in law maintainable as a set-off, judgment should be for defendants for $721.50, and interest from date of writ. Otherwise, judgment for plaintiff for $1,950 and interest, but not exceeding $2,000."

*W. A. Buie*, for the plaintiff.

*W. C. Cogswell*, for the defendants.

KNOWLTON, J. As we understand the agreed statement of facts, the defendants, as brokers, were employed by the plaintiff to make contracts for him from time to time to buy stocks, "neither party having any intention to perform such contracts by the actual receipts or delivery of the shares and payment of the price, and each had reasonable cause to believe that the other had no intention to actually perform such contracts." This we understand to be the meaning of the statements that the "defendants were stockbrokers," and that the plaintiff paid the "defendants the items of cash mentioned in the 17th count, amounting to $1,950, as margins upon contracts," etc. The seventeenth count of the plaintiff's declaration describes these items as "cash received by you from me for the purpose of buying securities for me on margin, etc." It is agreed that, "all the transactions were fictitious, and no actual purchases or sales were ever made." The contracts entered into were wagering contracts, and were illegal and void as against public policy. *Harvey* v. *Merrill*, 150 Mass. 1, 11. *Northup* v. *Buffington*, 171 Mass. 468. So far as they were executed, neither party, at common law, can recover that which he lost.

It is conceded that the plaintiff's case comes within St. 1890, c. 437, § 2, and that he establishes a right to recover the amount claimed in the seventeenth count of his declaration. The only question of difficulty in the case arises under the defendants' declaration in set-off, in which they seek to recover a larger sum for money paid by them in the execution of such contracts entered into with the plaintiff, and as sums due him on closing

the contracts. This calls for a construction of the section just cited. This is as follows : " Section 2. Whoever contracts to buy or sell upon credit or upon margin any securities or commodities, having at the time of contract no intention to perform the same by the actual receipt or delivery of the securities or commodities, and payment of the price, or whoever employs another so to buy and sell on his behalf, may sue for and recover in an action of contract from the other party to the contract, or from the person so employed, any payment made or the value of anything delivered ; *provided,* such other party or other person so employed had reasonable cause to believe that no intention to actually perform existed."

In the second class of cases provided for by this section, that in which one employs another to buy or sell securities or commodities on his behalf, the statute gives a remedy to the employer against the person employed, but gives no remedy to the person employed against the employer. The language of the statute implies that the Legislature recognized the existence of persons engaged in the business of making such contracts as brokers and agents for others, and intended to discourage their efforts by imposing upon them a liability for the losses suffered by their employers. The defendants, who were employed as brokers to buy for the plaintiff, are made liable for the sums paid them by him to meet his losses, while they are left without remedy for moneys paid him by them as his profits. Upon the facts agreed, there must be a

*Judgment for the plaintiff.*