FRANK H. RICE *vs.* SAMUEL E. WINSLOW.

Worcester.   October 1, 1902. — November 25, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Equity Jurisdiction.   Mortgage.   Wagering Contracts.*

In a bill in equity to restrain the foreclosure of a mortgage, an offer to pay what if anything shall be found due, makes the bill good as a bill to redeem.

A bill in equity will lie to restrain the foreclosure of a mortgage and compel the surrender and cancellation of a note given to secure margin accounts on wagering contracts within St. 1890, c. 437, § 2.

BILL IN EQUITY, filed June 28, 1900, described by the court.

The defendant demurred. In the Superior Court *Lawton*, J. overruled the demurrer; and the defendant appealed. The judge reported the case for determination by this court. If no error was found in the ruling, the case was to stand for trial upon its merits.

*H. Parker & R. A. Stewart*, for the defendant.

*J. R. Thayer & A. P. Rugg*, for the plaintiff.

MORTON, J. This is a bill to have a note and mortgage declared void, and the defendant enjoined from prosecuting a pending action at law on the mortgage note against the plaintiff, and from proceeding with a foreclosure sale of the premises described in the mortgage. There was a demurrer which was overruled, and the defendant appealed. Thereupon, the presiding judge, being of opinion that the matter ought to be determined before further proceedings were had, reported to this court the questions of law arising upon the demurrer and appeal.

The bill alleges that the defendant is a broker buying and selling upon margin and upon credit stocks, securities, commodities and bonds ; that at different times in 1899, naming them, the plaintiff contracted with him to buy upon margin and credit certain stocks, describing them, having at each of said times no intention to perform the contracts by the actual delivery and receipt of the stocks and payment of the price therefor, and the defendant having at all of said times reasonable cause to believe that there was no intention on the part of the plaintiff to perform said contracts or any of them by the actual receipt and delivery of the stocks and the payment of the price therefor ; that the plaintiff deposited with the defendant at divers times small sums as margins upon said stocks to be held by him against the rise and fall of said stocks ; and that on or about the twentieth of December, 1899, the defendant called on the plaintiff for more margins against the further decline of said stocks, and the plaintiff not being able to advance the money executed and delivered to the defendant the mortgage in question to protect such margin accounts. The bill further alleges that subsequently, in February, 1900, contrary to the direction of the plaintiff and against his wishes, the defendant closed out said accounts, as well as certain like accounts in the name of the plaintiff's wife, with the result, as the defendant asserted, that there was due from the plaintiff to him the sum of $5,034.31 on account of said transactions, and from the plaintiff's wife the further sum of $601.38 ; that the plaintiff and his wife have brought actions at law to recover back the money paid by them

as margins ; and that the defendant has begun foreclosure proceedings under said mortgage for default in the payment of the principal and interest alleged to be due on said note, and concurrently with the foreclosure proceedings has brought suit upon the mortgage note.

The bill contains an offer to pay what, if anything, should be found due. This of itself warranted the overruling of the demurrer, (*Brown* v. *South Boston Savings Bank*, 148 Mass. 300,) and would justify us in affirming the decree of the Superior Court. But such a disposition of the case would leave undetermined the principal questions at issue between the parties, and which must necessarily come up in any hearing upon the merits. We proceed, therefore, to consider those questions.

The transactions described in the bill come within St. 1890, c. 437, § 2. But the defendant contends that the remedy there given by action of contract is exclusive, and that a court of equity has no jurisdiction to grant the relief prayed for. He further contends that the plaintiff has an adequate remedy at law ; that the note and mortgage constituted an executed contract ; and that in such a case a court of equity will not interfere, any more than a court of law will, to relieve the parties to an illegal transaction from the consequences thereof, but will leave them where it finds them.

The contracts were clearly wagering contracts, and as such illegal, (*Lyons* v. *Coe*, 177 Mass. 382,) and prior to the passage of St. 1890, c. 437, the plaintiff would not have been entitled to recover any sums paid by him in the course of their performance, or to have had any security that he had given declared void. *Sampson* v. *Shaw*, 101 Mass. 145. *Harvey* v. *Merrill*, 150 Mass. 1. But the object of that statute was to discredit and discourage such transactions by giving the losing party the right to avoid his contracts and to recover back any payment made or the value of anything delivered, and, as incidental to the right and the remedy thus given, and for the purpose of rendering the same more effectual and complete, we think that it is within the jurisdiction of a court of equity, when it appears that the remedy at law is not adequate, to afford the relief required to give effect to the right given to the losing party. It would be singular if the plaintiff could recover back the payments which he had made,

but should be without redress in regard to a note and mortgage given, as the bill alleges, to protect margin accounts, after the defendant had called on the plaintiff for more money against a further decline of the stocks, which he was unable to advance, but which, if he had advanced, he would have been entitled to recover back.

We think that upon the allegations in the bill the plaintiff would be entitled to a surrender and cancellation of the note, and that for this and other reasons the remedy at law would be inadequate, meaning thereby that it would not be " as practical and as efficient to the ends of justice and its prompt administration, as the remedy in equity." *Boyce* v. *Grundy*, 3 Pet. 210, 215. *Fuller* v. *Percival*, 126 Mass. 381. *Gould* v. *Emerson*, 160 Mass. 438. *Locke* v. *Locke*, 166 Mass. 435.

Cases like *Atwood* v. *Fisk*, 101 Mass. 363, do not apply. The statute gives a right of recovery even if the contract has been executed. The objection, therefore, that the note and mortgage constituted an executed contract within the meaning of *Atwood* v. *Fisk* and similar cases is not a valid objection.

The result is that the order overruling the demurrer is affirmed, and the case is to stand for trial upon its merits in accordance with the stipulation of the parties as contained in the modified report.

*So ordered.*