## LAWRENCE F. GIBNEY vs. JAMES I. OLIVETTE.

Berkshire.　September 10, 1907. — October 15, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Contract*, Validity, Implied: common counts.　*Wagering Contracts.　Gaming.*

A wagering contract for the purchase of stock on a margin where no actual pur-
chase or sale is intended, although not prohibited by any statute imposing a
penalty, is illegal and void at common law.

One who has advanced money to be used in an illegal transaction cannot recover
the money from the wrongdoer whom he has aided.

One, who at the request or with the consent of another has paid money upon such
other person's wagering contracts for the purchase of stocks on a margin, in order
to prevent the stocks from being sold out, cannot recover the amount of such
payments from the person for whom they were made.

CONTRACT for $445 upon an account annexed, with fourteen
items of sums of money alleged to have been paid by the plain-
tiff for the defendant.　By an amendment the plaintiff added
two items of credit for cash paid by the defendant, amounting
to $105.　Writ dated February 29, 1904.

In the Superior Court the case was tried before *Crosby*, J.,
without a jury.　He made the findings which are described and
quoted in the opinion.　At the request of the defendant he made
three rulings, involving questions of fact, which included find-
ings that the evidence showed that the money paid by the plain-
tiff for the defendant was paid on wagering contracts, which
were illegal and void, and that it was paid on margins in stock
gambling.　He found for the defendant, and at the request of
the plaintiff, with the consent of the defendant, reported the
case for determination by this court.

*H. C. Joyner*, (*J. O'Brien* with him,) for the plaintiff.

*A. H. Wood*, for the defendant, submitted a brief.

KNOWLTON, C. J.　This is an action to recover money paid
by the plaintiff to the defendant's use.　The plaintiff received
from the defendant certain money to be used in buying stocks on
a margin, and purchased with it twenty shares of the stock of the
Union Pacific Railroad Company.　Afterwards the stock so de-
preciated in price that the plaintiff was called upon to advance

and did advance other money, from time to time, to prevent it from being sold out by the broker with whom he dealt. Finally, when further advancements were demanded, he permitted it to be sold at a loss, and he afterwards brought this action to recover the amount of his payments.

Upon the findings of the judge, if the transactions had been legal and proper, the defendant would be bound to reimburse the plaintiff for his advancements. But the judge also found " that at the time the plaintiff purchased the stock for the defendant, it was speculation pure and simple, with no intention on the part of the plaintiff or defendant of having the stock delivered, or of having any certificate of stock actually issued." In making the first ruling requested by the defendant, the judge also decided that, on the evidence, the money was paid " on wagering contracts." In granting the second request he interpreted the evidence in the same way, and under each request he ruled that the contract was illegal and that the plaintiff could not recover.

The finding that the purchase of the stock was a wagering contract was a decision upon matters of fact which we have no reason to question. It has been decided repeatedly in this Commonwealth that such a contract, although not prohibited by any statute imposing a penalty, is illegal and void at common law, so that no recovery can be had under it. *Harvey* v. *Merrill*, 150 Mass. 1. *Rice* v. *Winslow*, 182 Mass. 273, 275. *Northrup* v. *Buffington*, 171 Mass. 468. *Farnum* v. *Whitman*, 187 Mass. 381. The right to recover, given to a loser by the St. 1890, c. 437 (R. L. c. 99, § 4) and the amendments thereto, depends upon the fact that such a contract is illegal. *Lyons* v. *Coe*, 177 Mass. 382.

It is also well settled that one who has advanced or lent money, to be used in an illegal transaction of this kind, stands no better than the principals in the transaction, and is an aider and abettor of a wrong, who is remediless if he seeks to recover the amount advanced. *Stebbins* v. *Leowolf*, 3 Cush. 137. *White* v. *Buss*, 3 Cush. 448. *Barnes* v. *Smith*, 159 Mass. 344.

*Judgment for the defendant.*