MERCHANTS LEGAL STAMP COMPANY *vs.* WILLIAM H. MURPHY & another.

Suffolk.    November 30, 1914. — February 26, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, & CROSBY, JJ.

*Trading Stamps.  Contract,* Validity.  *Monopoly.  Restraint of Trade.  Equity Jurisdiction,* No enforcement of unlawful contract.  *Words,* "Article."

Trading stamps and trading stamp books, into which the stamps are to be pasted for the purpose of presenting the books for redemption by the corporation that issues them, are "articles" within the meaning of St. 1908, c. 454, § 1, which prohibits "a monopoly in the manufacture, production or sale in this Commonwealth of any article or commodity in common use."

Where trading stamps and trading stamp books, into which the stamps are to be pasted for the purpose of presenting the books for redemption by the corporation that issues them, are sold to the merchants of a city and its vicinity, for use among their customers in inducing cash sales by providing a discount or return on every purchase made, under a contract by which the merchants agree not to use trading stamps issued by any other corporation or individual and not to sell the books or stamps to any one, and where by the operation of this system the corporation issuing the trading stamps and books controls nearly ninety per cent of the actual business conducted in this form by the merchants of the city and its vicinity, a monopoly is sought to be established, in a form of bargain and sale which a very appreciable portion of the public demands, that is declared by St. 1908, c. 454, § 1, to be "against public policy, illegal and void," so that a court of equity will refuse to enforce the restriction contained in the contracts by enjoining others from carrying on a similar enterprise in a lawful manner.

BILL IN EQUITY, filed in the Superior Court on December 26, 1913, by a corporation organized under the laws of this Commonwealth on March 15, 1904, for the purpose, among other things, of conducting a trading stamp business of the character described in the opinion, against another trading stamp corporation and William H. Murphy, who was one of the incorporators of the plaintiff and had been one of its directors, a member

of its executive committee and its general manager, and afterwards had severed his connection with the plaintiff and had formed the defendant corporation, of which the defendant Murphy was a director and its president and general manager. The bill alleged that the defendant Murphy and the defendant corporation had been engaged actively in soliciting customers of the plaintiff to enter into contracts with the defendant corporation for the use of its trading stamps and books, and had induced former customers of the plaintiff to break their contracts with the plaintiff and to execute contracts with the defendant corporation for the use of trading stamps. There were prayers for an injunction and for damages.

The defendants in their answers set up, among other matters, that the plaintiff was attempting to create an unlawful monopoly in the trading stamp business in Boston to the exclusion of the defendant and other corporations and firms engaged in the business of selling trading stamps.

The case was referred to Franklin T. Hammond, Esquire, as master. He filed a report in which, among other facts, he found those that are stated in the opinion. The defendants filed certain exceptions to the master's report, which have become immaterial because they were not argued before this court. An interlocutory decree was made by *Jenney,* J., overruling the exceptions to the master's report and confirming that report. Later by order of *Wait,* J., a final decree was entered ordering that the report of the master be confirmed and that the bill be dismissed without costs. The plaintiff appealed from the final decree, having appealed previously from the interlocutory decree.

St. 1908, c. 454, § 1, is as follows: "Every contract, agreement, arrangement or combination in violation of the common law in that thereby a monopoly in the manufacture, production or sale in this Commonwealth of any article or commodity in common use is or may be created, established or maintained, or in that thereby competition in this State in the supply or price of any such article or commodity is or may be restrained or prevented, or in that thereby, for the purpose of creating, establishing or maintaining a monopoly within this State of the manufacture, production or sale of any such article or commodity, the free pursuit in this State of any lawful business, trade or occupation is or may

be restrained or prevented, is hereby declared to be against public policy, illegal and void."

*S. L. Whipple & H. W. Ogden,* for the plaintiff.

*W. B. Grant,* for the defendant Murphy.

*J. R. Lazenby,* for the Peoples Cash Stamp Company.

BRALEY, J.  The principal if not the sole business of the plaintiff is the issuing of trading stamps at a fixed price to merchants who give them to their customers for cash purchases usually on the basis of one stamp for every ten cents of the price of the article bought, and after a number of stamps thus have been collected the merchant or collector presents them to the plaintiff for redemption at a fixed rate.  By this arrangement the stamp or coupon operates as a discount in cash for every purchase made. *Commonwealth* v. *Sisson,* 178 Mass. 578.  The books containing the contract are described by the master as ruled off into spaces similar to stamp albums into which the collectors, who are also the purchasers, paste the stamps, and the plaintiff redeems them at a lower price; the difference measures the company's profits. It is plain that the plaintiff is a trading stamp company giving premiums or a valuable consideration for stamps furnished to purchasers of goods as an inducement for payment in cash. The master's report shows that under the operation of this system the plaintiff controls nearly ninety per cent of the actual business conducted in this form by the merchants of Boston and its vicinity. By the provisions of the contract designed for this territory the company retains title to the book and stamps with an agreement by the authorized merchant or customer not to part with them except in the specified course of trade, and to return the book with the stamps attached which may have been presented to him by purchasers.  If this is not done, all rights under the contract cease or are forfeited.  We said in *O'Keeffe* v. *Somerville,* 190 Mass. 110, that trading stamps, not being a commodity within the meaning of our Constitution, were not subject to an excise tax, although no attempt was made to classify them.  Nor is it necessary now to determine whether the contract is strictly a bailment. *Hunt* v. *Wyman,* 100 Mass. 198. *Springfield Engine Stop Co.* v. *Sharp,* 184 Mass. 266. *Isaacs* v. *Macdonald,* 214 Mass. 487.  Or whether the stamps are choses in action. *Sperry & Hutchinson Co.* v. *Hertzberg,* 3 Rob. (N. J.) 264.  The transaction

is to be determined from its inherent character or purpose. If not goods, wares or merchandise as those terms ordinarily are used, or the title did not vest in the purchaser, but he had only a limited use, they do represent and were intended to represent a mode of doing business which under modern mercantile conditions is in itself a business potentially affecting and largely controlling certain well recognized lines of trade. The books and stamps when viewed in the light of their manufacture and use by the plaintiff, coupled with its contract treating them not as symbols but as chattels of value which are the subject of sale or of bailment, are to be deemed "articles" within the meaning of St. of 1908, c. 454, § 1. It is expressly found that the plaintiff declines to supply stamps to merchants unless they stipulate not to use trading stamps issued by other companies or individuals, and that the insertion of this provision in the contract is to suppress all competition. The direct tendency of the plaintiff's system of business under all the findings results in such concentration as to substantially control prices for a form of service or of supposed profits to purchasers demanded by the public. *Commonwealth* v. *Strauss*, 188 Mass. 229, 231. The scheme the plaintiff has so carefully elaborated and built up is in reality a device whose predominant purpose, as shown by its practical and successful operation, tends to drive all competitors from the field. *New York Bank Note Co.* v. *Kidder Press Manuf. Co.* 192 Mass. 391, 403. *United Shoe Machinery Co.* v. *La Chapelle*, 212 Mass. 467, 480. The monopoly it seeks to establish may not be complete, but it has gone far enough to eliminate any effective rivalry. The restriction is not confined to the sale or transfer to a business rival of the plaintiff, but the merchant or collector cannot dispose of the book or stamps to any one, even if their retention unused must result in pecuniary loss. Indeed this is an essential and controlling feature of the contract, which differs materially from the contract in *Gagnon* v. *Sperry & Hutchinson Co.* 206 Mass. 547. While we do not go so far as to say that trading stamps are an absolute public necessity, yet they enter into the merchant's business, and are an essential element of a form of bargain and sale which a very appreciable portion of the public demands. *Beechley* v. *Mulville*, 102 Iowa, 602.

The direct and intended effect of the methods employed being

to restrain or prevent the pursuit, by the defendants or of others of a similar enterprise in a lawful manner, the plaintiff is within the prohibition of the St. of 1908, c. 454, § 1, which declares that such an arrangement or agreement, whatever form it may assume, or however carefully the constituent parts may be assembled, is "against public policy, illegal and void."

The exceptions to the report, not having been argued, need not be considered, and the master having found that the defendants have not as to the plaintiff's customers used or proposed to use any information obtained from it while the defendant Murphy was in its employ, the defendants are not shown to have violated any enforceable rights of the plaintiff. St. 1908, c. 454, § 2. *White* v. *Buss*, 3 Cush. 448. *Gibney* v. *Olivette*, 196 Mass. 294, 295. *Kennedy* v. *Welch*, 196 Mass. 592.

The decree dismissing the bill therefore is affirmed with costs.

*Ordered accordingly.*