IRVING L. KEITH *vs.* HEYWOOD BOOT AND SHOE COMPANY.

Essex.    January 28, 1926. — March 29, 1926.

Present: PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Contract,* Validity.  *Restraint of Trade.  Equity Pleading and Practice,*
Demurrer.

A demurrer to a bill in equity for specific performance of an agreement
to execute a lease by the plaintiff to the defendant of certain machines,
based on the grounds that the lease as a whole was illegal and unen-
forceable under G. L. c. 93, § 2, and that material provisions thereof
were illegal and unenforceable under G. L. c. 93, § 14, was overruled
because the question, whether the named provisions of the statute had
been violated, was primarily a question of fact and, to determine it,
facts not set forth in the bill and necessary to support the conclusions
stated in the bill, should be heard.

BILL IN EQUITY, filed in the Superior Court on July 25,
1924, for specific performance of an agreement to execute a
lease of machines, and for damages.

The defendant demurred to the bill on the grounds
described in the opinion.  The demurrer was heard by
*Morton,* J., by whose order an interlocutory decree was en-
tered overruling it.  The suit then was reported to this
court under G. L. c. 214, § 30.

*W. H. Hitchcock,* (*E. D. Fullerton* with him,) for the
defendant.

*P. N. Jones,* for the plaintiff.

SANDERSON, J.  This is a bill for specific performance of
an agreement to sign a lease and to enforce its provisions.
The defendant demurred to the bill on the grounds (1) that
the lease as a whole is illegal and unenforceable under G. L.
c. 93, § 2, and (2) that material provisions thereof are illegal
and unenforceable under G. L. c. 93, § 14.  The case comes
up on report after an interlocutory decree overruling the
demurrer.

The material allegations in the bill are that the plaintiff,
at the defendant's request, sent to its factory certain
machines owned by the plaintiff and certain letters patent

upon which he was the owner; that the machines were sent pursuant to agreements for thirty days' trial and if not satisfactory the defendant agreed to notify the plaintiff to that effect in writing at the expiration of the trial period and to return them forthwith to the plaintiff; and if they proved satisfactory to execute when presented leases of the same upon the terms and conditions of a lease placed in the hands of the defendant when the machines were ordered. The machines were satisfactory to the defendant and it paid the installation fees in accordance with the terms of the leases which the defendant agreed to execute, and kept and operated the machines under licenses from the plaintiff, and from time to time ordered and used in connection with the machines adhesives which the plaintiff furnished under and in compliance with the terms of the leases; and the plaintiff complied in all respects with the terms of the leases. The plaintiff presented to the defendant for execution, after the expiration of the trial period, leases of the machines containing the same terms and conditions as those referred to in the agreements pursuant to which the machines were set up in defendant's factory. The defendant refused to sign them and on November 23, 1923, sent two of the machines back, but still retained two of them. The plaintiff refused to accept the machines returned. The defendant has failed to report the amount of adhesives used, and has failed to use the machines to their full capacity limited only by the production of the factory, and has refused to permit the plaintiff's agents to inspect the machines. The prayers are that the defendant be ordered to execute in respect to each machine a lease in accordance with the terms of the one annexed to the bill as of the expiration of the trial period for each machine and for rents or royalties and damages.

The form of lease provides in part (1) that the lessee is to pay all freight charges upon the shipment of each machine and also, as an installation fee and in partial reinbursement to the lessor for the expenses incurred by him in furnishing each apparatus, a certain specified sum; (2) that the lessee is to pay as rent or royalty for use of said apparatus $1 per pound on all adhesives used by the lessee in connection with

said apparatus with a provision for a discount if rent is paid on or before the fifteenth day of the month, the amount to be established from time to time, as the cost of raw material employed in manufacturing the adhesive may vary the cost of its manufacture, with the further agreement that the amount of the discount shall in all instances be as great as that allowed other lessees of similar apparatus using adhesives of like character and quality; (3) that the lessor was to furnish on request without charge, other than cost of transportation, all adhesives required by the lessee for use in connection with this apparatus, all adhesives thus furnished to be considered as used by the lessee in connection with the leased apparatus at the time of shipment, with a provision that in case the lessee used adhesives other than those furnished by the lessor, he should have an additional discount from the rent or royalty to be paid. The amount of this discount was to be determined by the lessor according to the character and quality of the adhesive which he found the work of the lessee to require; with the further provision that it shall be as great as the amount of such discount allowed other lessees on similar apparatus using like adhesives. The rent or royalty based on all adhesives not furnished by the lessor is to be determined on the basis of the quantity of the adhesives used as prepared for use in said apparatus and not on the raw material before it has been mixed with water or otherwise diluted; (4) that the lessee is to keep an accurate account of quantity of adhesives used in connection with the apparatus but not furnished by the lessor and to report the amount to the lessor on or before the fifth of the next month. No such report is required when adhesives furnished by the lessor are exclusively used; (5) that the lessee is to keep the apparatus in good and efficient working order at his own expense and to use it to its full capacity, limited only by the production of the factory of the lessee, and to permit the agents of the lessor to inspect such apparatus and the operation thereof at all reasonable times; (6) that the lessee agrees to insure for the benefit of the lessor for not less than the total installation fee and to pay taxes; (7) that the term of the agreement is seventeen years with the provision that the

lessee may terminate it, if he has not previously violated the terms thereof, by thirty days' notice in writing and returning the apparatus, provided a period of five years has elapsed. The lessor may terminate it without notice upon violation of any of the terms of the lease.

At common law a contract is not invalid because it imposes restraint upon competition, unless the restraint is unreasonable and tends to prejudice the public. If the restraint is only such as affords a fair protection to the legitimate interests of the party in whose favor it is imposed and is not so large as to interfere with the interests of the public, it is valid. *Quincy Oil Co.* v. *Sylvester,* 238 Mass. 95. *Sherman* v. *Pfefferkorn,* 241 Mass. 468. The facts material to the case should be found to aid the court in determining whether the agreement and lease are in violation of the provisions of G. L. c. 93, § 2, which forbids those agreements, arrangements and combinations that violate the common law in three stated respects: "first, that they create, establish or maintain a monopoly in the manufacture, production or sale in this Commonwealth of any article or commodity in common use; secondly, that thereby competition in this Commonwealth in the supply or price of any such article or commodity is or may be restrained or prevented; thirdly, that for the purpose of creating, establishing or maintaining a monopoly, such as has been stated, the free pursuit in this Commonwealth of any lawful business, trade or occupation is or may be restrained or prevented." *Commonwealth* v. *North Shore Ice Delivery Co.* 220 Mass. 55, 56. "The pertinent inquiry, whether there is an unlawful purpose creating or tending to create a monopoly depends on the circumstances of each case. The facts peculiar to the business, the conditions before and after the alleged restraint was imposed, its nature, and the purpose sought to be attained, as well as prevalent economic necessities, are to be considered as relevant. It is primarily a question of fact." *Berenson* v. *H. G. Vogel Co.* 253 Mass. 185, 187. *Goyette* v. *C. V. Watson Co.* 245 Mass. 577, 592. It is unlawful for a vendor or lessor to "insert in or make it a condition or provision of any sale or lease of any tool, implement, appliance or ma-

chinery that the purchaser or lessee thereof shall not buy, lease or use machinery, tools, implements or appliances or material or merchandise of any person, firm, association or corporation other than such vendor, or lessor." G. L. c. 93, § 14. The proposed lease does not in terms limit the defendant to the use of adhesives supplied by the plaintiff, but the facts should be found to enable the court to decide whether the practical effect of complying with the terms of the lease would be to require such use by the defendant and whether the lease would be in violation of the provisions of the statute last quoted. The question whether if the terms of the proposed lease are not in violation of law the plaintiff would be entitled to specific performance is not open on this demurrer and has not been considered.

*Decree overruling demurrer affirmed.*