JULIUS BLOCK *vs.* MAMIE KATZ.

Suffolk.    May 8, 1933. — May 25, 1933.

Present: RUGG, C.J., PIERCE, WAIT, FIELD, & DONAHUE, JJ.

*Mortgage,* Of real estate: construction.  *Contract,* Construction.  *Equity
Jurisdiction,* To enjoin foreclosure of mortgage, To redeem from
mortgage.

An agreement by a second mortgagee of real estate, "In event it will
become necessary to replace a new first mortgage or to extend the
present first mortgage, and an expense will be incurred by way of
bonus or commission, then and then only, the mortgagee agrees to
bear the expense thereof, but in nowise more than $100," did not
entitle the mortgagor to a credit of $100 upon the second mortgage
note by reason of the facts that the first mortgagee agreed to extend
the time of maturity of his mortgage on condition that the mortgagor
should pay a certain amount of money on account of the principal
thereof, and that he was unable to procure that amount except by
procuring a loan from a third person on terms that required a pay-
ment of a bonus of more than $100.

A bill in equity, by a mortgagor against a mortgagee to enjoin a fore-
closure of the mortgage and to be permitted to redeem, properly was
dismissed upon demurrer where no ground for enjoining the fore-
closure was shown other than an offer by the plaintiff to redeem.

BILL IN EQUITY, filed in the Superior Court on December
15, 1932, and described in the opinion.

The defendant demurred. The demurrer was heard by
*Whiting*, J., and was sustained. A final decree dismissing
the bill was entered. The plaintiff appealed.

*B. Ginsburg*, (*S. J. Ginsburg & W. E. Ginsburg* with him,)
for the plaintiff.

*S. B. Stein*, (*H. J. Stein & P. Adam* with him,) for the
defendant.

RUGG, C.J. This suit in equity comes before us on
appeal from a final decree dismissing the bill after the entry
of an interlocutory decree sustaining a demurrer on the
ground that the bill did not set forth any cause for equita-
ble relief. Succinctly stated the allegations of the bill are
that the plaintiff purchased from the defendant certain
real estate subject to a first mortgage to a savings bank,
and contemporaneously with the conveyance executed to
the defendant a second mortgage containing this provision:
"In event it will become necessary to replace a new first
mortgage or to extend the present first mortgage, and an
expense will be incurred by way of bonus or commission,
then and then only, the mortgagee agrees to bear the expense
thereof, but in nowise more than $100"; that subsequently
the savings bank agreed with the plaintiff to extend the
time of maturity of the first mortgage on condition that
the plaintiff pay forthwith the sum of $600 on the principal
and $250 each quarter thereafter; that the plaintiff at the
time of this demand was embarrassed and unable to meet
the requirements of the bank and was compelled to and did
in fact pay a bonus of more than $100 to a third person for
the loan of $600 to effectuate the extension of the first
mortgage; that the plaintiff offered to comply with the
terms of the second mortgage except that he demanded
credit for the $100 expense incurred by the plaintiff on
account of the extension of the first mortgage and the

defendant refused to credit that sum on the mortgage; that there is a balance due on the mortgage of about $150; that the plaintiff thereupon delivered to the defendant and her representatives a check for $150 to be held in escrow until the controversy with respect to the claimed credit was determined; and that the defendant has commenced foreclosure of the second mortgage. The prayers of the bill are that the defendant be enjoined from foreclosing the mortgage; that the $100 be credited upon the second mortgage; that damages occasioned to the plaintiff be assessed; and for other relief.

The facts set out in the bill upon which the plaintiff relies for a credit of the $100 paid as bonus or commission do not fall within the terms of the mortgage already quoted. Plainly it was not necessary for the plaintiff to replace the then existing first mortgage by a new first mortgage or to extend that first mortgage; he simply was required to make a payment upon that first mortgage thereby reducing the principal. He was not obliged to incur any expense by way of bonus or commission to the first mortgagee. Being without funds, in order to meet the demands of the first mortgagee he borrowed of a third person money to satisfy that demand for payment and paid a bonus of more than $100 in that connection. These facts do not fall within the terms of the clause in the mortgage.

It follows from this interpretation of the contract between the parties that the plaintiff sets out no ground for relief in equity. The defendant has not filed an answer asking affirmative relief in her own behalf but has demurred. Therefore the plaintiff must stand on the allegations set out and relief prayed for in the bill. The offer of the plaintiff to redeem by itself alone does not afford basis for equitable relief. The decision in *Rice* v. *Winslow*, 182 Mass. 273, upon which the plaintiff relies, is distinguishable because there the plaintiff set out ground for equitable relief on the face of his bill. The plaintiff in the case at bar fails to do that.

*Decree affirmed with costs.*