WILLIAM ADAMOWICZ, administrator, *vs.* NEWBURYPORT GAS AND ELECTRIC COMPANY.

Essex.    January 10, 1921. — March 21, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & JENNEY, JJ.

*Negligence,* Trespasser, Causing death.    *Wanton or Reckless Misconduct.* ·

In an action by the administrator of a child six years of age for personal injury to, and, under R. L. c. 171, § 2, as amended by St. 1907, c. 375, for causing the death of the plaintiff's intestate, the allegations of the declaration were that the personal injury and the death were caused by "gross and wanton negligence" of the defendant in dumping hot ashes upon him. At the trial it appeared that the intestate with his sister was a trespasser at play upon premises of the defendant and that an employee of the defendant, while in the performance of his duties, dumped hot ashes from a car which hit the bare feet and legs of the intestate, then five feet back of the cart, and caused the injury which resulted in his death; that the sister of the intestate and the intestate had seen two other loads dumped by the same employee of the defendant previously on that same day and knew that this load was to be dumped; that the employee said nothing to them and, after the load was dumped, laughed. *Held,* that, apart from any question of pleading,

(1) In order to recover for the conscious suffering the plaintiff must show that the defendant's employee was guilty of wanton or reckless misconduct;

(2) There was no evidence which would warrant a finding of such wanton or reckless misconduct;

(3) There was no evidence which would warrant the jury in finding for the plaintiff on the count seeking recovery under R. L. c. 171, § 2, as amended by St. 1907, c. 375.

TORT for causing personal injury to and the death of William Adamowicz, the plaintiff's intestate. Writ dated August 19, 1918.

The action was tried before *Sisk,* J. Material counts of the

declaration and evidence at the trial are described in the opinion. At the close of the evidence, by order of the judge, the jury found for the defendant; and the plaintiff alleged exceptions.

*R. E. Burke & E. E. Crawshaw,* for the plaintiff, submitted a brief.

*L. C. Doyle,* for the defendant.

JENNEY, J. The plaintiff as administrator of the estate of his son, who was six years old when he died, seeks to recover for conscious suffering and death of the child.

On July 19, 1918, the deceased and his sister, who was two years older than he, were playing in a vacant lot owned by the defendant and adjoining the premises where its power house was located. It did not appear that the lot had been used as a playground. The injury was caused by the dumping of hot ashes by an employee of the defendant in the course of his employment upon the child's bare feet and legs, whereby he was severely burned, and as a result died. These ashes were from the defendant's boiler room and were being dumped on or near a driveway to its works.

There was evidence that the intestate and his sister had been at or near the place of the accident before its occurrence. The sister testified: "We had seen many truck loads of ashes dumped there before. On this afternoon we saw two loads dumped before my brother got hurt. The same man dumped them." There was no direct evidence that the driver of the team knew that the children were near by, or that he knew that an accident had occurred. The only evidence bearing upon that subject came from the sister, who testified: "I saw the man on the truck pull the chain and let the hot ashes drop on my brother's feet. The truck dumped backwards. My brother and I were near the back of the truck. I knew the man was going to dump them there. I knew he was going to dump it just where he did dump it. I do not know just how near we were but we were near it. I did not know that when the ashes rolled out they might hit us. . . . I saw the man pulling the chain. The man was on the truck; on the front part of the truck. When he pulled the chain, the truck dumped the ashes down. My brother was a little bit nearer the truck than I was. . . . There was no cover on the seat of the truck. Before the ashes were dumped out I could see the man on

the truck from the waist up. He never said nothing to us; not a word. After the ashes were dumped, I saw the man on the truck laughing. . . . The truck came up and backed up. I moved a little bit while he was backing up. There was a lot of room for me to move away but there was some pieces of glass over there. I had on shoes and stockings but my brother did not. . . . Just before the truck was dumped we were about five feet away from the back of the truck where the ashes came from. Some of them hit me and my brother. I knew when the truck backed up that it was going to dump. I had seen two loads do the same thing that afternoon."

At the conclusion of the evidence, the attorney for the plaintiff stated that it was admitted that the deceased and his sister were trespassers on the defendant's premises at the time of the accident, and waived all the counts of the declaration except those numbered two and four. The judge ordered a verdict for the defendant, and the case is here upon the plaintiff's exceptions to that ruling. The second count in the declaration is for conscious suffering caused by "gross and wanton negligence" in dumping hot ashes upon the intestate, and the fourth count is for his death so caused.

The deceased having been a trespasser, the plaintiff, in order to maintain this action, had to prove reckless, wanton or wilful conduct on the part of the defendant's employee. This is something more than gross negligence. It differs in kind therefrom. *Daniels* v. *New York & New England Railroad,* 154 Mass. 349. *Aiken* v. *Holyoke Street Railway,* 184 Mass. 269, 271. *Bjornquist* v. *Boston & Albany Railroad,* 185 Mass. 130. *Altman* v. *Aronson,* 231 Mass. 588. *Robbins* v. *Athol Gas & Electric Co.* 236 Mass. 387. *Prondecka* v. *Turners Falls Power & Electric Co. ante,* 239.

If it be assumed that the allegation of "wanton negligence" in the count for conscious suffering was a sufficient statement of the duty owed by the defendant to the plaintiff's intestate, the verdict upon that count was ordered rightly. The evidence did not disclose any act done or precaution omitted by the driver which tended to prove that he wilfully injured the plaintiff's intestate or that his conduct in the ordinary performance of his work was reckless or wanton. Even if it could have been found that he saw the boy and his sister, it does not follow that his con-

duct was reckless or wanton in failing to realize that the children would not keep out of the way of the truck and the ashes dumped therefrom.

Apart from any question of pleading or statutory construction (*Prondecka* v. *Turners Falls Power & Electric Co. supra*), it is evident that the same result must follow as to the count for death and the plaintiff was not entitled to recover thereon.

*Exceptions overruled.*