MASSACHUSETTS GASOLINE & OIL COMPANY & others *vs.*
THE GO-GAS COMPANY & others.

Worcester.    September 25, 1928. — May 27, 1929.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Equity Pleading and Practice*, Amendment; Demurrer; Appeal; Waiver of defect in pleading; Decree: pro confesso. *Law of the Case. Lien,* Equitable. *Contract,* Construction. *Waiver.*

An amendment to a bill in equity cannot be filed after the parties are at issue unless and until its form and substance are brought to the attention of a judge and its filing allowed by him.    Per RUGG, C.J.

If a judge of the Superior Court, after hearing a demurrer to a bill in equity, makes an order, "Demurrer sustained Plf. given 20 days in which to amend," such order is not an allowance of an amendment not yet filed but is merely the exercise of discretion in favor of, rather than against, the filing of a permissible and appropriate amendment: it still remains necessary that the form and substance of the proposed amendment shall be found to be such as to warrant being made a part of the files of the court.    Per RUGG, C.J.

After a judge of the Superior Court had made an order sustaining a demurrer by the defendant in a suit in equity and adding "Plf. given 20 days in which to amend," the plaintiff filed a paper entitled "Reamended Bill" which was accepted for filing without further action by the court.    The defendant then moved that the paper so filed be struck from the file of the court "for that the scope and effect of the so called amendment is to attempt to make a case materially different from the case sought to be made by the original bill to which demurrers have been sustained and to set out a new and different cause of action and is for that reason beyond the power of the court to allow."    The motion was denied and the defendant appealed. A demurrer by the defendant to the "Reamended Bill" was then filed which did not contain as a ground that the amended bill had not been allowed by the court.    The demurrer was sustained and the plaintiff appealed.    *Held,* that, on the record, the defendant had waived the right to contend in this court that the amendment comprised in the "Reamended Bill" never had been allowed.

An appeal by the plaintiff in a suit in equity from the denial of a motion that the bill in an amended form be taken *pro confesso* as to a defendant who had filed a demurrer which had been sustained to the bill in a later amended form, brings no question of law to this court.

Where, after a rescript from this court affirming a decree of the Superior Court sustaining a demurrer to a bill in equity, the plaintiff is permitted to amend and a demurrer to the bill so amended is sustained and a final decree is entered dismissing the bill, this court, upon an appeal by the plaintiff, will affirm the final decree if it appears that the essential or basic averments of the amended bill, relied on by the plaintiff to give him a standing in court, are the same as those which, when the suit previously was here, were adjudged to be insufficient for that purpose. *Massachusetts Gasoline & Oil Co.* v. *Go-Gas Co.* 259 Mass. 585, reaffirmed.

After, in a suit in equity in the Superior Court, in which the plaintiff sought to establish an equitable lien in the plaintiff on certain real estate and to enjoin a foreclosure of a mortgage on such real estate by proceedings in Federal courts, this court has affirmed a decree sustaining a demurrer to the bill on the ground that no such equitable lien was proved, it is beyond the jurisdiction of the Superior Court to permit the plaintiff again to amend his bill for the purpose of attacking, on the ground of conspiracy and lack of jurisdiction in Federal courts conducting the foreclosure proceedings, the foreclosure of the mortgage and a sale of the real estate to one who by the amendment was added as a new defendant, there still being lacking any allegations establishing the equitable lien upon which the plaintiff relied and which the former decision, the law of the case, had determined did not exist.

It *was stated* that, in the circumstances, it was not necessary for this court to determine grounds of demurrer to the "Reamended Bill" in equity which questioned the right of the plaintiffs under their pleadings to attack the proceedings connected with the foreclosure of the mortgage in the Federal courts, to contend that those courts were without jurisdiction, or to assail their jurisdiction in this proceeding.

BILL IN EQUITY, filed in the Superior Court on July 20, 1926, and many times amended, by The Massachusetts Gasoline and Oil Company and fifty-eight individuals against a number of corporations and individual defendants, originally to establish rights of the plaintiffs as equitable lien holders in real estate purchased in the circumstances described in the opinion, to enjoin the foreclosure of a mortgage given by the defendant The Go-Gas Company to the defendant Cities Service Refining Company, and to enforce correlated rights claimed by the plaintiffs as owners of such equitable liens.

The suit previously was before this court upon a report by *Cox*, J., of orders by him sustaining demurrers of several defendants, which by stipulation of the parties were agreed to raise "the following questions and those questions only: a. Did the making and issue upon the applications and under the circumstances described in the bill of the certificates therein referred to create an equitable lien or right in the nature of an equitable lien, upon the land and buildings subsequently acquired by the Consumers Service Stations, Consolidated, such as to bind them in the hands of subsequent purchasers or mortgagees who took with notice of the facts? b. Assuming that such an equitable lien or right in the nature of an equitable lien was created, are the plaintiffs, upon the allegations of the bill, estopped from now seeking to assert it?" This court, in a decision reported in 259 Mass. 585, affirmed the order sustaining the demurrers, and ordered the bill dismissed as to the demurring defendants.

Thereafter the plaintiffs were given leave further to amend. A demurrer by the defendant The Go-Gas Company to the amended bill was sustained by *Thayer*, J., who indorsed on the demurrer, "Demurrer sustained Plf. given 20 days in which to amend." The plaintiffs then, without further action by the court, filed a paper entitled "Plaintiffs' Reamended Bill," which afterwards was further amended and is described in the opinion.

The defendant The Go-Gas Company moved to strike from the files of the court "the paper entitled 'Reamended Bill' for that the scope and effect of the so called amendment is to attempt to make a case materially different from the case sought to be made by the original bill to which demurrers have been sustained and to set out a new and different cause of action and is for that reason beyond the power of the court to allow."

The motion was heard by *Lummus*, J., who indorsed thereon: "I do not think the reamended bill filed December 19, 1927, under the leave given by Mr. Justice Thayer in general terms on November 30, 1927, was one beyond the power of the court to permit to be filed. I do not

presume to review the exercise of his discretion. Motion denied. Moving party's exception noted." The defendant The Go-Gas Company appealed from that order.

The defendants The Go-Gas Company and Unity Petroleum Corporation demurred to the "Reamended Bill" on the following grounds:

"1. For that the alleged reamendment filed after repeated previous amendments and substitutions is an effort to state a new and different cause of suit from that for which the original bill herein was brought and its allowance is beyond the power of the court.

"2. For that even if such reamendment could properly be allowed by the court, the bill as reamended states no ground of suit in equity.

"3. For that it appears from the face of the bill that if the plaintiff is entitled to any remedy by reason of the facts well pleaded, the plaintiff has an adequate remedy at law.

"4. For that the bill does not seek any account by or money decree against the defendant, the Unity Petroleum Corporation.

"5. For that the bill does not show that said defendant is able to respond in any accounting or to any money decree."

The demurrers were heard by *Lummus,* J., by whose order there were entered interlocutory decrees sustaining the demurrers, and a final decree dismissing the bill. The plaintiffs appealed.

*C. E. Tupper,* (*H. W. Blake* with him,) for the plaintiffs.
*L. Brown,* for the defendants.

RUGG, C.J. The defendants have argued that the reamended bill is not rightly before this court because its filing was not allowed by the Superior Court. The contention is sound that an amendment to a bill in equity cannot be filed after the parties are at issue unless and until its form and substance are brought to the attention of a judge and its filing allowed by him. That this must be so is apparent, not only because by inherent necessity such amendments cannot become a matter of record as of right and can be filed only

by order of court, in order that litigation may progress by orderly processes, but also because no proposed amendment can be allowed except in order to enable a plaintiff to sustain the action for the cause for which it was intended to be brought. G. L. c. 231, § 51. In order to determine that question, the proposed amendment must be inspected by the judge and possibly a hearing of evidence had. *Clark* v. *New England Telephone & Telegraph Co.* 229 Mass. 1, 6. There are other reasons. For example, in a case like that at bar, where the case has once been before this court on a demurrer and the demurrer has been sustained, an amendment ought not to be allowed unless in substance it avoids the defects hitherto declared to exist and presents a cause fit for further examination on the merits. Merely to change the verbiage is not enough to require prolongation of litigation. The substantive weakness must be remedied. This is the established practice. It is the same in equity as at law. *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 9. *Pierce* v. *Columbia Securities Co.* 246 Mass. 210, 223. *Lowrie* v. *Castle*, 225 Mass. 37, 39. *Holmes* v. *Carraher*, 251 Mass. 536, 538, 539, and cases reviewed. Equity Rules 14, 21 (1926). The action of the judge on November 30, 1927, in sustaining the demurrer to the amended supplemental bill by adding words to the effect that the plaintiffs were given twenty days in which to amend the bill was not an allowance of the amendment; it was merely the exercise of discretion in favor of, rather than against, the filing of a permissible and appropriate amendment. *Reno* v. *Cotter*, 236 Mass. 556, 563. It still remained necessary that the form and substance of the proposed amendment be found such as to warrant being made a part of the files of the court.

The defendants, however, have not saved this point. Their motion was to strike out the amendment "for that the scope and effect of the so called amendment" were to introduce a new and different cause of action; not for that its filing had not been allowed after inspection and determination by the court of the necessary preliminaries in order to render such filing permissible. It must be assumed that the motion made was the one heard and decided. *R. J. Todd Co.* v.

*Bradstreet Co.* 253 Mass. 138, 143. The demurrer did not raise the point now argued.

It follows that the defendants, by proceeding to further steps in the case without raising this point, must be held to have waived it. Proper practice does not permit presentation of it in this court for the first time. *Volpe* v. *Sensatini*, 249 Mass. 132, 134.

The defendant Go-Gas Company filed a demurrer to the reamended bill on December 29, 1927. That demurrer was sustained by interlocutory decree entered on April 11, 1928. The plaintiffs moved on April 17, 1928, that an earlier amended bill be taken *pro confesso* against the Go-Gas Company for failure to answer. The plaintiffs' appeal from the denial of that motion presents no question of law. Manifestly the denial of the motion was a wise exercise of discretion in view of all the proceedings. Equity Rule 7 (1926). *White* v. *White*, 169 Mass. 52, 54, 55.

This case has been here before and is reported in 259 Mass. 585. The facts as then alleged in the bill are there set out at large. They need not be repeated. The question then presented for decision was whether the making of the applications and the issuance of certificates as there set forth created an equitable lien or right in the nature of an equitable lien upon the land and buildings subsequently acquired by those issuing the certificates or in whose behalf they were issued, such as to bind them in the hands of subsequent purchasers or mortgagees who took with notice of the facts. That question was answered in the negative. That ground need not be reëxamined. All that there was decided is reaffirmed.

There now are averments, not present in the earlier pleadings of the plaintiffs, to the effect that a majority of the certificates issued to the plaintiffs were under seal and that all were intended so to be. That factor is not of importance. The allusion to it in the opinion in 259 Mass. at page 593 was made merely as to a fact, but there was no intimation that the presence of a seal would have placed the rights of the plaintiffs on any higher or better footing in view of all the other facts and of the relief then or now sought.

*Consolidated Arizona Smelting Co.* v. *Hinchman,* 212 Fed. Rep. 813, 824.

The Unity Petroleum Corporation is now joined as a defendant. Whereas in the earlier pleadings of the plaintiffs there were averments that some of the defendants there named (who are now no longer parties) intended to foreclose a mortgage on property of the Go-Gas Company (the only original defendant still remaining a party), and that the Go-Gas Company would not defend such foreclosure, it is now alleged that this new defendant entered into a conspiracy with the defendants previously named but no longer parties to ruin the Go-Gas Company and to cause the foreclosure of the mortgage upon its real estate and to cause proceedings to that end to be instituted wrongfully in the Federal courts of several districts including the district of Massachusetts. There are further allegations to the effect that the plaintiffs were made parties to the proceedings in the District Court of the United States for the District of Massachusetts, although not in other district courts, but there are complaints as to the treatment accorded the plaintiffs in the District Court for the District of Massachusetts; and that the other district courts were without jurisdiction in the premises, but that the District Court of Massachusetts had jurisdiction.

The essential and basic averments of the present bill are the same as before, namely, that the plaintiffs by reason of their applications and the certificates issued to them, have an equitable lien upon the parcels of real estate referred to. That contention in its underlying substance appears to be the same now as hitherto, and to be as essential as the foundation for the relief now sought in the light of the new averments as it was before. The earlier decision settled once for all that that contention could not be supported and that the averments of the bill did not afford ground for the establishment of an equitable lien. The addition of the Unity Petroleum Corporation as a new party makes no change in the rights of the plaintiffs in this aspect of the case. That was a purchaser of the property at the foreclosure sale of the mortgage held by the Equitable Trust Company of New York. Whether the Unity Petroleum Corporation be re-

garded as assignee of or coconspirator with that trust company, or in some other capacity, makes no difference with the alleged equitable lien of the plaintiffs. The Unity Petroleum Corporation on the present averments is subject to no greater obligation than were the parties previously named as defendants but now out of the case. The reasoning and result of the earlier opinion is equally decisive against the bill in its present form. That decision, although rendered on a demurrer, was a final settlement of the rights of the parties. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159, 205, 206, and cases cited. What there was decided, now reaffirmed, has become the law of the case. *Boyd* v. *Taylor,* 207 Mass. 335. *Pizer* v. *Hunt,* 253 Mass. 321, 333, and cases cited.

If it be assumed in favor of the plaintiffs that the reamended bill is designed primarily to attack the foreclosure of the mortgage held by the Equitable Trust Company of New York on the ground of conspiracy, lack of jurisdiction and otherwise, and the further averments of conspiracy against the new defendant, then manifestly the cause of action is different from that set out in the earlier pleadings. An amendment setting out such a new cause of action could not rightly have been allowed. It would be a different cause of action from that set forth in the earlier pleadings. G. L. c. 231, § 138. *Herlihy* v. *Little,* 200 Mass. 284, 289. *Bowen* v. *Fairfield,* 260 Mass. 38, 40, 41, and cases there collected.

It is not necessary to inquire whether it would be open to the plaintiffs in this proceeding under their pleadings to attack the proceedings connected with the foreclosure of the mortgage in the district courts of the United States, *Farquhar* v. *New England Trust Co.* 261 Mass. 209, or whether (1) those courts were without jurisdiction, and (2) their jurisdiction can be assailed in this proceeding, *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159, 206–214.

*Interlocutory decrees affirmed.*
*Final decree affirmed with costs.*