ARTHUR M. HASKINS, administrator, *vs.* JOHN GRYBKO.

Franklin.   September 21, 1938. — October 26, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Negligence*, Trespasser.

Upon findings merely that the plaintiff's intestate, when shot by the
    defendant, was a trespasser either on land of a neighbor of the de-
    fendant or on land in the defendant's possession, and that the defend-
    ant was guilty of ordinary negligence only, a ruling that the plaintiff
    could recover for his intestate's death was error.

TORT.   Writ in the Superior Court dated October 30,
1934.

After a finding by *T. J. Hammond*, J., for the plaintiff in
the sum of $3,000, the defendant alleged an exception in the
following form: "To the ruling made . . . that the plain-
tiff is entitled to recover on count one of the plaintiff's
declaration, in which count the plaintiff alleged ordinary
negligence on the part of the defendant; because the court
found as a fact . . . that the plaintiff's intestate was a
trespasser either on lands of a third party or was a tres-
passer on the lot of which the defendant was lessee; that
the defendant was negligent and that the degree of negli-
gence was ordinary negligence.  The defendant, therefore,
specifically excepts to the ruling of the court that the plain-
tiff is entitled to recover when upon the facts found his
intestate was a trespasser and the defendant was guilty of
ordinary negligence."

*D. D. O'Brien*, for the defendant.

*J. A. Harasimowicz*, for the plaintiff.

RONAN, J.   This is an action of tort brought under G. L.
(Ter. Ed.) c. 229, § 5, by a public administrator to recover
for the death of his intestate.  There was a finding for the
plaintiff upon the first count of the declaration which, in
substance, alleged that the defendant shot and killed the
intestate and that "the death of the plaintiff's intestate

was caused by the negligence of the defendant." The judge made findings and rulings which contained the following: "(8) There was no evidence of any sort that tended to show why the plaintiff's intestate was in that general locality. The plaintiff's intestate was a trespasser either on lands of a third party who owned to the north of the leased premises or was a trespasser on the lot leased by the defendant. Neither tract of land was posted against trespassing. . . . (10) I find on all of the evidence that the defendant was negligent and that the degree of negligence was ordinary negligence." The defendant excepted to the ruling that the plaintiff could recover for ordinary negligence although the intestate was a trespasser as to the defendant or to some third person.

The defendant was in possession, as lessee, of a tract of land containing about twenty acres. The land was bounded on the south by a public highway and extended northerly about thirteen hundred feet. It was approximately eight hundred feet wide. It was all under cultivation except within fifty feet of its northerly boundary where there was a growth of brush and trees. The land was used to raise squash, and the defendant's crop had suffered from the ravages of woodchucks. The defendant went to the northwesterly corner of his lot on the evening of July 7, 1933, for the purpose of shooting woodchucks. It was dusk. He was standing beside his automobile on his own lot when he heard a rustling noise in the brush about fifty feet away, and then saw a moving object about eighteen inches high in the brush. Believing that the object was a woodchuck, he shot at it. After staying a few minutes he left the tract. When he returned the next morning, he discovered the body of the intestate.

The legal duty owed by the defendant to the intestate depended upon the relation of the intestate to him at the time of the shooting. If the intestate was merely a trespasser upon the land of a third person, then the defendant was bound to exercise reasonable care so that no harm would be incurred by the intestate on account of the defendant's negligence. *Buckley* v. *Arthur J. Hickey Family*

*Laundry Co.* 261 Mass. 348. *Falardeau* v. *Malden & Melrose Gas Light Co.* 275 Mass. 196, 199. *Sarna* v. *American Bosch Magneto Corp.* 290 Mass. 340. *Royal Indemnity Co.* v. *Pittsfield Electric Co.* 293 Mass. 4. If the intestate was a trespasser upon the defendant's land, the latter was not liable for mere negligence. He was, however, under an obligation to refrain from intentional injury and from wilful, wanton and reckless conduct. *O'Brien* v. *Union Freight Railroad,* 209 Mass. 449. *Romana* v. *Boston Elevated Railway,* 218 Mass. 76, 83. *Adamowicz* v. *Newburyport Gas & Electric Co.* 238 Mass. 244. As the plaintiff failed to show that his intestate was not a trespasser upon the defendant's land when the shooting occurred, he was not entitled to recover by proving that the defendant was guilty of mere negligence, and the ruling in favor of the plaintiff was erroneous.

The defendant has argued that there was also error in the ruling of the trial judge, who was unable to determine "the identity or degree of kinship of any heir at law or next of kin," and ruled "that the question of establishing who the heirs at law or next of kin are is one to be determined by the Probate Court." The defendant took no exception to this ruling (see *Fidelity & Casualty Co.* v. *Huse & Carleton, Inc.* 272 Mass. 448, 453).

*Exceptions sustained.*