PATRICK J. DESMOND, administrator, *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    October 4, 1945. — January 4, 1946.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & WILKINS, JJ.

*Wanton or Reckless Conduct. Evidence,* Competency. *Witness,* Contradiction. *Practice, Civil,* Amendment, Judicial discretion.

A finding of wanton or reckless conduct of the motorman of a street car would not have been warranted by his testimony to the effect merely that, as he drove the car up an incline in an elevated station in the evening at a speed of from five to eight miles per hour, with nothing to obstruct his vision ahead, he saw a dark object lying between the tracks before him, that he immediately applied the brake and stopped within sixteen feet, and that, upon getting out of the car, he "found out it was a man," whom the car had run over.

A statement by a motorman of a street car to a police officer was not competent at a later trial to prove a substantive fact set forth therein, but was competent only so far as it tended to contradict testimony of the motorman.

Testimony by a motorman of a street car, that a written memorandum of a police officer of what the motorman had said to the officer was correct "as much as I know of it," in the circumstances of his examination could not be taken as an adoption by him on the stand of the truth of a statement in the memorandum contradicting certain previous testimony by him.

At the close of the evidence at the trial of an action for causing death of one on premises of the defendant, no abuse of discretion appeared in the denial of a motion to amend the declaration by adding to a count setting forth only wanton or reckless conduct a count setting forth simple negligence, where the evidence left it apparent that the death was caused while the decedent was not an invitee on the premises.

TORT. Writ in the Superior Court dated March 1, 1943.

The case was tried before *Forte,* J.

*W. S. McCallum,* for the plaintiff.

*S. P. Sears,* for the defendant.

QUA, J.  This is an action for conscious suffering and

death of the plaintiff's intestate on December 11, 1942, as a result of being struck by a car of the defendant on property of the defendant under its control at its Sullivan Square terminal in Boston.

The trial was had upon a declaration which alleged only wilful, wanton and reckless conduct on the part of the defendant and did not allege simple negligence. Under our practice these claims are distinct in kind and not merely in degree, and one does not include the other. *Miller* v. *United States Fidelity & Guaranty Co.* 291 Mass. 445, 447. *Commonwealth* v. *Welansky,* 316 Mass. 383, 400. The judge directed a verdict for the defendant. He also refused to allow the plaintiff to amend his declaration to set up simple negligence. The plaintiff excepts to both of these actions of the judge. Additional questions relating to evidence will be considered in connection with the direction of the verdict.

1. There was no error in directing a verdict for the defendant upon the declaration as it stood. The evidence would not have warranted a finding of wilful, wanton, or reckless conduct on the part of the defendant.

The evidence is meager and obscure as to the situation and construction of the defendant's premises where the deceased was struck. The only evidence on this point tends to indicate that the contact occurred upon an "incline" up which street cars ran from a lower to a higher level. The deceased was removed from under a car on this incline and was pronounced dead upon being taken to a hospital. The only witness of what happened when the deceased got under this car was the motorman of the car, who was called by the plaintiff. The testimony of this witness need not be repeated in detail. It tended to show that at 9:34 in the evening he drove his car up the incline at a speed of between five and eight miles an hour; that when he got within ten feet of the deceased he thought he saw a dark object "between the tracks" lying "like a rag or something in the track, right between the tracks and you couldn't make it out"; that he immediately applied the sand and the brake and stopped within sixteen feet

and upon getting out of his car "found out it was a man"; that he had his eyes on the track as the car started up the incline; and that there was positively nothing to interfere with his vision. We cannot add to this testimony an alleged declaration of the witness to a police officer which the plaintiff construes as meaning that when the witness started up the incline he observed the deceased lying across the rails about ninety feet up. The judge rightly ruled that this evidence was competent only in so far as it tended to contradict the testimony of the witness on the stand. G. L. (Ter. Ed.) c. 233, § 23. *Brooks* v. *Weeks*, 121 Mass. 433. *Manning* v. *Carberry*, 172 Mass. 432, 433. *Kavanaugh* v. *Colombo*, 304 Mass. 379, 380–381. *Mroczek* v. *Craig*, 312 Mass. 236, 239. The case of *Leahy* v. *Standard Oil Co. of New York*, 220 Mass. 90, at page 95, cited by the plaintiff, is not in point. Later the witness was asked whether "that statement," referring to a written memorandum of the police officer as to what the witness was alleged to have said to him, was "correct, leaving out the part about the body across the track." His answer, "As much as I know of it," cannot in our opinion be taken as an adoption by him on the witness stand as true of his alleged prior declaration that he saw the deceased when ninety feet distant. The previous course of the examination leaves it conjectural whether the witness meant to say that the police officer's memorandum correctly stated the facts or only that it correctly stated what the witness had said to the officer, or whether the part about the ninety feet was or was not included in what the witness knew "of it." We think this episode at the trial falls short of furnishing any substantial substantive evidence that the witness saw the deceased ninety feet away in contradiction of all his other testimony on the point. There was nothing more to help the plaintiff.

At most, the substantive evidence tended to show nothing more than that this motorman should have seen the deceased sooner and stopped his car sooner. If the car driven by him and not some other car that had preceded him up the incline caused the injury and death of the deceased, there was nevertheless an entire absence of

evidence of wilful conduct in the sense of conduct intended to do harm, and there is nothing to show that this motorman's conduct was wanton or reckless in that in the face of a known or obvious risk he intentionally persisted in conduct involving a high degree of probability that substantial harm would result to another. Am. Law Inst. Restatement: Torts, § 500. *Commonwealth* v. *Welansky,* 316 Mass. 383, 396–401, and cases cited. See *Commonwealth* v. *Arone,* 265 Mass. 128. Compare *Isaacson* v. *Boston, Worcester & New York Street Railway,* 278 Mass. 378.

2. There was no error in refusing to allow the plaintiff to amend his declaration. The allowance of an amendment was, of course, within the discretion of the judge. In an action at law an exercise of discretion can be revised only where the matter "is so clear that discretion is superseded by imperative legal duty." *Bartley* v. *Phillips,* 317 Mass. 35, 44. *Long* v. *George,* 296 Mass. 574, 578–579. The bill of exceptions states that the omission of any count for simple negligence was due to inadvertence and mistake. The pretrial hearing afforded a proper occasion for correction of the mistake, but apparently it was not then discovered. Failure to amend at that time did not prevent the allowance of an amendment later, if justice required it, but the desirability of making pretrials as effective as possible might have induced the judge to proceed with caution in the matter of subsequent amendments. See Rule 57A of the Superior Court (April 9, 1938); *Capano* v. *Melchionno,* 297 Mass. 1, 15; *Mitchell* v. *Walton Lunch Co.* 305 Mass. 76, 80. When at the trial, before the introduction of any evidence, the plaintiff submitted his proposed amendment, the judge stated that the motion to amend could be renewed at the end of the evidence, and that he would then pass upon it. Evidently he intended first to ascertain whether the case would turn out to be one in which justice required the amendment. Plainly it did not so turn out, although so far as appears the plaintiff was denied no opportunity to offer anything pertinent to the issue. The burden was on the plaintiff to show that

the defendant owed the deceased a duty of due care.  Yet the case as presented left the deceased in the position of a probable trespasser upon the incline.  The incline and the tracks upon it were intended for cars.  There was nothing to show that the public or even passengers of the railway coming to the terminal were invited to use any part of it, to say nothing of any invitation to walk upon the tracks or near enough to them to be struck by cars.  In the absence of an invitation the defendant was not liable for ordinary negligence, but was liable only for wilful, wanton or reckless conduct.  *O'Brien* v. *Union Freight Railroad,* 209 Mass. 449.  *Adamowicz* v. *Newburyport Gas & Electric Co.* 238 Mass. 244.  *Wurm* v. *Allen Cadillac Co.* 301 Mass. 413, 418.  It is plain therefore that on the case made out the plaintiff could not have recovered if the amendment had been allowed.  *Haskins* v. *Grybko,* 301 Mass. 322, 324.  In these circumstances there was certainly no abuse of discretion in refusing it.  *Massachusetts Gasoline & Oil Co.* v. *Go-Gas Co.* 267 Mass. 122, 126.  If we have treated this matter of amendment at unnecessary length, we have done so to make it plain that there was no arbitrary conduct on the part of the judge.

*Exceptions overruled.*