MARIE ANNE TRUDEL, administratrix, *vs.* PIERRE GAGNE & another.

Middlesex.    October 1, 1951. — March 4, 1952.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Conflict of Laws.   Death.   Survival of Action.   Executor and Administrator*, Claim for death.   *Practice, Civil*, Amendment, Appeal.

An appeal does not lie from the denial of a motion to amend the declaration in an action.

Granting of leave to move to amend the declaration in an action upon sustaining of a demurrer left it still for the court to pass upon the proposed amendment subsequently presented.

The law of Quebec, where alleged wrongful conduct causing death occurred, determined the persons in whom was vested the right to recover for the death and whether a cause of action for conscious suffering of the decedent survived the death.

Under the law of Quebec in 1949 the right to maintain an action for death did not vest in the decedent's administrator, and no cause of action for conscious suffering of the decedent survived the death.

The denial of a motion to amend the declaration in an action was not error where the proposed amendment did not change the essential character of the action and no cause of action was shown.

TORT.    Writ in the Superior Court dated January 9, 1950.

A motion to amend the declaration was denied by *Beaudreau*, J.

*F. C. Zacharer*, for the plaintiff.

*K. C. Parker*, for the defendants.

QUA, C.J.   On July 4, 1949, the plaintiff's intestate was the victim of an automobile accident in the Province of Quebec and sustained injuries from which she died there on the same day.   The plaintiff administratrix asserts that the accident was caused by the negligence of the defendant Pierre Gagne, who she asserts was the agent or servant of the defendant Rose Anna Gagne, and she seeks to recover in this single action for the death and for conscious suffer-

ing and expenses, both against the defendant Pierre Gagne and against the defendant Rose Anna Gagne. G. L. (Ter. Ed.) c. 229, § 6, as appearing in St. 1949, c. 427, § 5; c. 231, § 4A, as inserted by St. 1943, c. 350, § 1.

Demurrers of the two defendants to the original declaration were sustained for a matter of detail not now material, with leave to move to amend within ten days, but when, within that time, the plaintiff did move to amend without changing the general character of the action, the motion was denied. The plaintiff excepted to the order denying her motion to amend and also attempted to appeal from the order. The appeal will not lie because the order denying the motion to amend was not an "order decisive of the case founded upon matter of law apparent on the record." G. L. (Ter. Ed.) c. 231, § 96. *Means* v. *Leveroni*, 297 Mass. 61, 64. *Summers* v. *Boston Safe Deposit & Trust Co.* 301 Mass. 167, 168. The case is here only on the exception to the denial of the motion to amend.

Even though the leave to amend was, in a general sense, an exercise of the court's discretion in favor of rather than against amendment, that action did not exhaust the power of the court over the subject of amendment. When the amendment was actually presented it still remained for the court to determine whether such an amendment as was presented ought to be allowed. *Massachusetts Gasoline & Oil Co.* v. *Go-Gas Co.* 267 Mass. 122, 126. *Bucholz* v. *Green Bros. Co.* 290 Mass. 350, 354. *Keljikian* v. *Star Brewing Co.* 303 Mass. 53, 56. *Elfman* v. *Glaser*, 313 Mass. 370, 374. Perhaps it would be enough to say that the denial of the amendment is not shown by the record to have been an abuse of discretion. *Brooks* v. *Gregory*, 285 Mass. 197, 206. *Urban* v. *Central Massachusetts Electric Co.* 301 Mass. 519, 524. *Enga* v. *Sparks*, 315 Mass. 120, 124. *Foster* v. *Shubert Holding Co.* 316 Mass. 470, 477. But in this case there is an overriding reason why the proposed amendment ought not to be allowed.

All substantive rights of action growing out of the injury

and death of the plaintiff's intestate necessarily have their origin in the law of the place where the wrong was done. This principle is well settled both as to actions for injuries and as to actions for death. *Levy* v. *Steiger,* 233 Mass. 600. *Pilgrim* v. *MacGibbon,* 313 Mass. 290. *Gregory* v. *Maine Central Railroad,* 317 Mass. 636. *Holland* v. *Boston & Maine Railroad,* 279 Mass. 342, 344. *Jackson* v. *Anthony,* 282 Mass. 540, 545, and cases cited. Restatement: Conflict of Laws, §§ 378, 384. It determines the matter of survival after death of a cause of action for personal injury. *Davis* v. *New York & New England Railroad,* 143 Mass. 301. *Higgins* v. *Central New England & Western Railroad,* 155 Mass. 176. *Ormsby* v. *Chase,* 290 U. S. 387. Restatement: Conflict of Laws, § 390. It determines the theory upon which damages are to be assessed. *Jackson* v. *Anthony,* 282 Mass. 540, 545–548. And by what seems to us the weight of authority it determines the person or persons in whom the right of action is vested, whether in the widow or children of the deceased or his next of kin as individuals or in the executor or administrator appointed to settle his estate. *Johnson* v. *Phoenix Bridge Co.* 197 N. Y. 316. *Betts* v. *Southern Railway,* 71 Fed. (2d) 787. *Anderson* v. *Lane,* 97 Fed. Sup. 265. Restatement: Conflict of Laws, §§ 394, 395, 396. Goodrich, Conflict of Laws (2d ed.) 253. Determination of the persons in whom the cause of action is vested and who are entitled to sue upon it is matter of substance to be controlled by the law which creates the right, and not matter of form or procedure to be controlled by the law of the forum. We must therefore look to the law of Quebec.

Article 1056 of the Civil Code of Lower Canada gives a right of recovery to the consort and the ascendant and descendant relatives of a person who dies in consequence of injury by the commission of an offence or a quasi offence. The right appears to be personal to those coming within the description of persons entitled to it. There is nothing to suggest that the right belongs to, or can be sued upon by, an administrator. Article 596 provides for the succession by

law or by will of the property and transmissible rights of a deceased person. There appears to be no provision for the survival after death of a right of action for physical injury, pain, or suffering before death. In the comparatively recent case of *Smith* v. *Pelletier*, 72 Queb. K. B. 664, the court treated art. 1056 of the code as giving a cause of action for the death to the widow and the ascendants and descendants and to them only. The court said that this right did not include the recovery of indemnity for such losses as medical and hospital expenses, which the court said do not result from the death, and the right to recover for which against the wrongdoer was part of the estate of the deceased at the moment of death. The court further said that damages of a purely personal nature such as bodily injury or physical suffering come to an end with the death of the sufferer and are not transmissible in nature as part of his estate. The result is that an administrator cannot maintain an action for death, and no one after the death can maintain an action for consious suffering. A similar view of the death statute of Quebec was taken in *Johnson* v. *Phoenix Bridge Co.* 197 N. Y. 316. Whether, with a proper declaration, an action might be maintained here by an administrator for any expenses for medical attendance and similar charges incurred by the deceased in the brief interval between the injury and the death need not be decided, since there could be no error in refusing to allow an amendment the substantial parts of which disclosed no cause of action. The defendant ought not to be compelled to go to trial on such a declaration. *Massachusetts Gasoline & Oil Co.* v. *Go-Gas Co.* 267 Mass. 122, 126. *Desmond* v. *Boston Elevated Railway*, 319 Mass. 13, 16–17.

*Appeal dismissed.*
*Exceptions overruled.*