Rescripts.

LILLIAN MALKIN GOLDSTEIN *vs.* HARRY MARKS & others. July 26, 1956. Interlocutory decree affirmed. Exceptions overruled. Final decree affirmed with costs of the appeal. The plaintiff appeals from an interlocutory decree denying a motion to amend her bill in equity by filing a substitute bill, after demurrers of the defendants had been sustained and leave granted to move to amend, and from a final decree dismissing the bill. The judge found after hearing that "in matters of form, at least," the proposed amendment was "not such as to warrant the same being made a part of the papers and files of the court" (see *Massachusetts Gasoline & Oil Co.* v. *Go-Gas Co.* 267 Mass. 122, 126), denied thirteen requests for rulings relating to the sufficiency of allegations contained therein, and granted a request for a ruling that "Having exercised its discretion in favor of the filing of an amendment, the court's sole function in passing upon plaintiff's motion is to determine whether, as a matter of law, plaintiff's substitute bill of complaint is permissible and appropriate," as modified by the insertion of the words "as matter of fact and" after the word "whether." The plaintiff excepted to the denial of her motion to amend, the denial of her requests, the ruling modifying the request above quoted, and the judge's finding. These exceptions are here with the appeals. The allowance of a motion to amend is permissive and discretionary. *Keljikian* v. *Star Brewing Co.* 303 Mass. 53, 56. The leave to move to amend did not preclude the judge from determining whether the proposed amendment ought to be allowed. *Trudel* v. *Gagne*, 328 Mass. 464. There was no abuse of discretion in its denial and no reversible error in the finding and rulings.

*Edward M. Dangel*, (*Leo E. Sherry & Marvin N. Geller* with him,) for the plaintiff.

*Ralph Marks*, (*Marcus L. Sherin & John C. Johnston* with him,) for the defendants.

LILLIAN MALKIN GOLDSTEIN *vs.* MAURICE B. HELFANT. July 26, 1956. Interlocutory decrees affirmed. Exceptions overruled. Final decree affirmed with costs of the appeal. A demurrer to the plaintiff's bill of complaint was sustained on July 25, 1955, with leave to file a motion to amend within ten days. A motion filed within that period was denied on August 3. At the hearing on the motion requests for rulings pertaining to the legal sufficiency in form and substance of allegations in the proposed amended bill were refused. The plaintiff appealed from the denial of the motion and excepted to the refusal to rule as requested. There was no error. See *Goldstein* v. *Marks*, *ante*. On August 16 the plaintiff filed a second motion to amend by a substitute bill of complaint. The motion was denied and a final decree entered dismissing the bill on November 1. The plaintiff appealed from the order denying the motion and from the final decree. The demurrer having been sustained without appeal the final decree was properly entered.

*Edward M. Dangel*, (*Leo E. Sherry & Marvin N. Geller* with him,) for the plaintiff.

*Marcus L. Sherin*, (*John C. Johnston* with him,) for the defendant.