BOSTON TRUST FUNDS, INC. *vs.* ERNEST HENDERSON & others. November 3, 1960. Exceptions overruled. In this action demurrers to the

declaration were sustained, with leave to file an amended declaration within twenty-one days. The plaintiff seasonably filed a motion to amend its declaration and the motion was denied. Judgment was ordered for the defendants. To the action of the judge in denying its motion to amend and in ordering judgment for the defendants, the plaintiff excepted. The proposed declaration differed materially from the original declaration. An amendment setting out new causes of action could not rightly have been allowed. *Massachusetts Gasoline & Oil Co.* v. *Go-Gas Co.* 267 Mass. 122, 129. If it be assumed in favor of the plaintiff that the amended declaration related to the same causes of action as those set forth in the original declaration, the judge, nevertheless, could well have concluded that the substantive defects of the original declaration had not been cured by the proposed amendment. See *Massachusetts Gasoline & Oil Co.* v. *Go-Gas Co., supra,* at page 126. The motion to amend was addressed to the sound judicial discretion of the court. *Foster* v. *Shubert Holding Co.* 316 Mass. 470, 477. The disallowance of the motion reveals no abuse of discretion and judgment for the defendants was rightly ordered.

*Lawrence R. Cohen & Albert R. Mezoff,* for the plaintiff, submitted a brief.

*Edward B. Hanify,* for the defendants Henderson and others.

*Charles C. Cabot,* for the defendant Hovey.

*John S. Whipple,* for the defendant Second Bank–State Street Trust Company.

*David A. Sutherland,* for the defendant Trust Securities Corporation.

*Richard C. Evarts,* for the defendant John Hancock Mutual Life Insurance Company.