Welsh, J.
This is a civil action for the recovery of credit card debt allegedly incurred by the defendant.
On January 19, 1995, the defendant answered pro se, neither admitting nor denying the allegations of the complaint.
On August 31, 1995, the plaintiff filed and argued a motion for summary judgment. The defendant, having retained counsel, filed an opposition to the motion and a motion to supplement his answer by asserting several defenses and counterclaims. The motion for summary judgment was allowed on the question of liability only and the defendant’s motion to supplement his answer was denied. Judgment was entered in the sum of $16,986.60, plus interest and costs.
In an expedited appeal pursuant to Dist./Mun. Cts. RAD A, Rule 8A, the defendant claims to be aggrieved by the denial of his motion to supplement and amend his pleadings, and by the failure to “offset” the damages assessed in accordance with the suggested amended or supplemental pleadings.
*144 The general rule is that motions for leave to amend pleadings should be freely granted when justice so requires. Rule 15(a), Mass. R. Civ. P. Usually, leave to amend ought to be granted unless some reason is apparent for denying it. Mathis v. Mass. Electric Co., 409 Mass. 256, 265 (1991). While the mere filing of a motion for summary judgment might not prevent a party from amending his pleading as a matter of right [See Keene Lumber Co. v. Leventhal, 165 F.2d 815 (1st Cir. 1948)], it is doubtful whether a party should be entitled to amend after a motion for summary judgment has been granted. Whelan v. New Mexico Western Oil & Gas Co., 226 F.2d 156, 161 (10th Cir. 1955); Bell v. Morgan, 199 F.2d 168, 169 (1952)]. The rationale of the rule is that a party usually has ample time before a motion for summary judgment (or dismissal) is heard to amend his pleadings either as of right or by leave of court If instead a party foils to secure in a timely fashion an amendment to his pleadings, it is reasonable for the other party and the court to conclude that he intends to rely upon the pleading as framed. See DiVenuti v. Reardon, 37 Mass. App. Ct. 73, 77-78, (1994). He cannot be heard to complain that the court did not deign to afford him yet another opportunity to amend after allowance of a summary judgment motion.
In short, no abuse of discretion was demonstrated in the denial of the motion to amend. See Desmond v. Boston Elevated Ry., 319 Mass. 13, 16 (1946).
The appeal is dismissed.
So ordered.